IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL BYRD** and **BRIAN BYRD**, Individually, and on Behalf of all Similarly Situated Persons, | CIVIL DIVISION |
| Plaintiffs, | No. 1:11-cv-00101 |
| v. | |
| **AARON'S, INC.**, **ASPEN WAY ENTERPRISES, INC.**, d/b/a Aaron's Sales and Leasing, a franchisee of AARON'S, INC.; **JOHN DOES (1-100) AARON'S FRANCHISEES**; and **DESIGNERWARE, LLC**, | |
| Defendants. | |

### DEFENDANT DESIGNERWARE, LLC'S RESPONSE TO PLAINTIFFS' STATUS REPORT AND REQUEST FOR HEARING ON THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PERMANENT INJUNCTION

AND NOW, comes Defendant, DesignerWare, LLC (hereinafter "DesignerWare"), by and through their attorneys, Burns White LLC, and files the within Response to Plaintiff's Status Report and Request for Hearing on Their Motion for a Temporary Restraining Order and for a Permanent Injunction (Document No. 28), as follows:

DesignerWare agrees that the parties held a conference call on the morning of May 16, 2011, to discuss the possibility of an agreement on a Stipulated Order on the issues raised by Plaintiffs' Motion. However DesignerWare notes at the outset of their Response that, while an impasse was reached during this conference call, Plaintiffs never fully articulated the details of what they were seeking through their proposed order. In particular, Plaintiffs have not yet provided DesignerWare with a proposed order that speaks directly to DesignerWare. Instead,

Plaintiffs refer only to the language of the Stipulation and Order entered into by the parties in *Robbins v. Lower Merion School District*, which is distinguishable from the matter before this Court. In addition, Plaintiffs have made no attempt to contact DesignerWare individually in regard to the issues raised in their Motion, prior to their request for a hearing.

In Plaintiffs' Status Report and Request for a Hearing (Document No. 28), Plaintiffs articulate in greater detail the issues they seek to address. DesignerWare believes that, based on this new information, and depending on the precise language of any proposed order, that the time and expense of a hearing can be avoided in this matter. DesignerWare maintains the following positions in regard to each of the specific issues raised by Plaintiffs:

1) <u>Maintain the *Status Quo* with respect to the preservation of evidence</u> – based on the Federal Rules of Civil Procedure and Plaintiffs' preservation letter, DesignerWare believes that an order maintaining the *status quo* regarding preservation of evidence is not necessary. However, DesignerWare will consent to an order that addresses this issue.

2) <u>Order defendants to provide the Court and the parties with a report on any destruction or deletion of evidence that may have occurred since the filing of the class complaint</u> – DesignerWare maintains that, since the filing of the Complaint, none of the relevant evidence (electronic or otherwise) in DesignerWare's control has been destroyed or deleted such that it will be necessary to prepare a report to the Court or the parties. Therefore, DesignerWare will consent to an order that addresses this issue.

3) <u>Enjoin any party from using PC Rental Agent (or any other similar software) to take screen shots, monitor keystrokes or take photographs of Aaron's customers and from using DesignerWare's server to communicate these messages</u> – As DesignerWare has articulated previously, the PC Rental Agent software, as it is installed on the franchisee's computers, does

2

not have the ability to take screen shots, record keystrokes or take photographs (a.k.a., Detective Mode) of the franchisees' customers. As installed, the software only has the ability to provide the franchisee stores with the "kill-switch" and "restore" functions. The decision to build/install/activate the Detective Mode on an individual computer that has been reported lost or stolen comes from the Master Account Holder (the franchisee's store owner or loss prevention manager). DesignerWare does not take screen shots, record keystrokes or take photographs. Furthermore, DesignerWare maintains that the functions of Detective Mode do not violate the Electronic Communications Privacy Act or the Computer Fraud Abuse Act. In addition, DesignerWare must ensure the integrity of their business such that they are able to continue selling their software and provide the "kill-switch" and "restore" services their customers depend on. Therefore, DesignerWare maintains that it cannot consent to Plaintiffs' request on this issue.

4) <u>Prevent improper communications by defendants with potential class members about the allegations in the class complaint</u> – DesignerWare maintains that it has no contact with any potential class members such that this request applies.

Based on the nature of this matter, including the varying factual and legal positions of the named Defendants, and the fact that this case includes numerous John Doe Aaron's franchisees, DesignerWare recommends that Plaintiffs prepare a separate proposed order for DesignerWare's review. DesignerWare believes that it may be impractical to attempt to prepare an all-inclusive Stipulated Order that contains issues that do not apply to every party. Based on the foregoing, DesignerWare maintains that a hearing on Plaintiff's Motion is not necessary in this matter.

WHEREFORE, Defendant DesignerWare requests that this Court deny Plaintiff's Request for a Hearing on their Motion for a Temporary Restraining Order and for a Permanent Injunction, thereby allowing the parties to continue to work toward a separate agreement that addresses the issues raised in Plaintiffs' Motion.

        Respectfully submitted,

        BURNS WHITE LLC

By:   /s/ David B. White
      David B. White, Esquire
      PA I.D. No. 36684
      dbwhite@burnswhite.com

      /s/ Lyle D. Washowich
      Lyle D. Washowich, Esquire
      PA I.D. No. 84348
      ldwashowich@burnswhite.com

      /s/ Brian M. Mancos
      Brian M. Mancos, Esquire
      PA I.D. No. 89720
      bmmancos@burnswhite.com
      Four Northshore Center
      106 Isabella Street
      Pittsburgh, PA  15212
      Phone:  (412) 995-3000
      Fax:  (412) 995-3300

      Attorneys for Defendant,
      DesignerWare, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2011 a copy of the foregoing Response to Plaintiff's Status Report and Request for Hearing on Their Motion for a Temporary Restraining Order and for a Permanent Injunction was served on counsel of record, via electronic filing, addressed as follows:

Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113
Via email: ldavis@hhkc.com

James F. Green, Esquire
Herman Gerel LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email: hgreen@ashcraftlaw.com

Michael W. Heaviside, Esquire
Herman Gerel LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email: mheaviside@ashcraftlaw.com

Maury A. Herman, Esquire
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Via email: mherman@hhkc.com

Andrea S. Hirsch, Esquire
Herman Gerel LLP
230 Peachtree Street, NW
Suite 2260
Atlanta, GA 30303
Via email: ahirsch@hermangerel

Frederick S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Via email: flonger@lfsblaw.com

Michelle Parfitt, Esquire
Herman Gerel, LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email: mparf@aol.com

Christopher V. Tisi, Esquire
Herman Gerel, LLP
2000 L Street, NW
Suite 400
Washington, DC 20036
Via email: cvtisi@aol.com

Neal R. Devlin, Esquire
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
Via Email: ndevlin@kmgslaw.com

Richard A. Lanzillo, Esquire
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
Via Email: rlanzillo@kmgslaw.com

Daniel C. Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Via Email: dlevin@lfsblaw.com

John H. Robinson, Esquire
Jamieson & Robinson, LLC
214 South Grant Street
Casper, WY 82601
Via Email: robinsn@vcn.com

Respectfully submitted,

BURNS WHITE LLC

By: /s/ David B. White
David B. White, Esquire
Counsel for Defendant
DesignerWare, LLC