IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL BYRD** and **BRIAN BYRD,** | ) | |
| Individually, and on Behalf of all | ) | CIVIL DIVISION |
| Similarly Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:11-cv-00101 |
| | ) | |
| v. | ) | |
| | ) | |
| **AARON'S, INC.,** | ) | |
| **ASPEN WAY ENTERPRISES, INC.,** | ) | |
| d/b/a Aaron's Sales and Leasing, | ) | |
| a franchisee of AARON'S, INC.; | ) | |
| **JOHN DOES (1-100) AARON'S** | ) | |
| **FRANCHISEES**; and | ) | |
| **DESIGNERWARE, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT DESIGNERWARE, LLC'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56**

AND NOW, comes Defendant, DesignerWare, LLC (hereinafter "DesignerWare"), by and through its attorneys, Burns White LLC, and files the within Brief in Support of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56, as follows:

## I.  INTRODUCTION

Plaintiffs initiated their purported class action Complaint on May 3, 2011, raising causes of action under the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, *et seq.* ("ECPA") and the Computer Fraud and Abuse Act, 18 U.S.C.A. §1030, *et seq.* ("CFAA") (Doc. 1). DesignerWare files the within Motion to Dismiss, or in the alternative Motion for Summary

Judgment, seeking the dismissal of Plaintiffs' Complaint, with prejudice, as to DesignerWare on each of Plaintiffs' causes of action.

## II.   STANDARDS OF REVIEW

### A.   Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss all or part of an action for "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1).  A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).   Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.  Warth v. Seldin, 422 U.S. 490, 501 (1975); Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003).

On a motion to dismiss for lack of standing, a plaintiff "bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996). The "irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Id.  A particularized injury is one that affects the plaintiff in a personal and individual way.  Id. at n. 1.  Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly... traceable to the challenged action of the

defendant and not th[e] result [of] the independent action of some third party not before the court." Id at 560-61.   Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Id.

Furthermore, a motion to dismiss for lack of subject-matter jurisdiction may facially or factually challenge the court's jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).   A facial challenge is a technical defect that occurs when the allegations in the complaint do not sufficiently illustrate the court's jurisdiction.   In that instance, a court may only look at the complaint and any attachments thereto to determine whether subject-matter jurisdiction exists.   Id.   In contrast, a factual challenge is a substantive defect that occurs when the court lacks actual subject-matter jurisdiction regardless of the sufficiency of the allegations in the complaint.   In that instance, the court may consider evidence outside the complaint.   Id. Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims and they must be dismissed. Common Cause of PA v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009).

### B.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6).   A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).   The moving party bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).   Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and should view any

reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. The complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Twombly, 550 U.S. at 562. The Supreme Court in Iqbal identified two working principles that underlie the decision in Twombly regarding motions to dismiss: (1) the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements; and (2) determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Iqbal, 129 S.Ct. at 1949-50. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. Id. at 1950. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – that the pleader is entitled to relief. Id.

The Supreme Court has stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (under F.R.C.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id., quoting, Twombly, 550 U.S. at 563 n. 8. Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234, quoting, Twombly 550 U.S. at 555. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id., quoting, Twombly, 550 U.S. at 556. Therefore, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002).

### C.    Motion for Summary Judgment Pursuant to Rule 56

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. F.R.C.P. 12(d). Rule 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).

In interpreting the standard for granting summary judgment, the U.S. Supreme Court has held:

> [T]he plain language of [Federal Rule of Civil Procedure] 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the parties case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   Moreover, "[b]y it's very terms, the standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8 (1986) (emphasis in original).   The Supreme Court went on to hold that, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249.   Additionally, "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Id. at 257.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the nonmoving party's claims.   Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).   The burden then shifts to the non-moving party to come forward with specific facts showing a genuine issue for trial.   Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989).   No genuine issue of fact exists if a record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.   Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).   Summary judgment may be entered where, after review of all

the evidentiary materials on the record, there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law.  Santiago v. Temple University, 739 F.Supp. 974, 977 (E.D. Pa. 1990), aff'd 928 F.2d 396 (3d Cir. 1991); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir. 1983); Bank of America Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc., 595 F.Supp. 800, 802 (E.D. Pa. 1984).

## III.   ARGUMENT

### A.   Plaintiffs' Causes of Action under the Electronic Communications Privacy Act, 18 U.S.C.A. §2510, et seq., should be Dismissed for Lack of Standing and Failure to State a Claim upon which Relief may be Granted.

#### 1.   COUNT I – SECTION 2511 OF THE ECPA

In their Complaint (Doc. 1), Plaintiffs allege at Count I that DesignerWare is in violation of Section 2511 of the ECPA: in particular, subsections (1)(a), (1)(c), and (1)(d).  See ¶¶55-57. Section 2511(1) states in pertinent part:

> any person who:
>
> (a) – intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any... electronic communication;...
>
> (c) – intentionally discloses, or endeavors to disclose, to any other person the contents of any... electronic communication, knowing or having reason to know that the information was obtained through the interception of [an]... electronic communication in violation of this subsection;
>
> (d) – intentionally uses, or endeavors to use, the contents of any... electronic communication, knowing or having reason to know that the information was obtained through the interception of [an]... electronic communication in violation of this subsection;...
>
> -- shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

An analysis of the language of the three subsections reveals that there cannot be a violation of subsection (c) (disclosure of the contents of an intercepted electronic communication) or subsection (d) (intentional use of the contents of an intercepted electronic communication) without a violation of subsection (a) (the actual intentional interception of an electronic communication) occurring *first*.  In other words, absent an interception, neither the disclosure nor use of the contents of the communication violates the ECPA.  Wesley College v. Pitts, 974 F.Supp. 375, 381 (D.Del 1997), *aff'd*, 172 F.3d 861 (3d Cir. 1998).  Therefore, in order to examine whether Plaintiffs have stated a claim upon which relief may be granted under Section 2511, this Court must determine whether Plaintiffs have sufficiently pleaded that DesignerWare "intentionally **intercepts**, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any... **electronic communication**" as those terms are defined by the statute.  18 U.S.C. §2511(1)(a) (emphasis added).

a.    Plaintiffs have Failed to Plead the Existence of an<br>Electronic Communication under the ECPA

Plaintiffs' Complaint alleges that DesignerWare's PC Rental Agent software permitted the Aaron's Defendants to "intercept... electronic communications including... images of monitors or screens ("screen shots"), keystrokes, and images captured by the computers' respective cameras ("webcams")."  See ¶26.  However, a review of the "Substantive Allegations" within Plaintiffs' Complaint (see ¶¶26-49) reveals that the only factual allegation that involves the "interception" of an "electronic communication" is Defendant Aspen Way's use of DesignerWare's PC Rental Agent software to obtain one photograph of Plaintiff Brian Byrd through the use of the computer's webcam.  See ¶37.  Therefore, the question that arises is

whether a photograph of a user, taken with the computer's webcam, constitutes an "electronic communication" under the ECPA.

Section 2510(12) defines "electronic communication" as

> any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce but does not include: (a) any wire or oral communication; (b) any communication made through a tone-only paging device; (c) any communication from a tracking device (as defined in Section 3117 of this title); or (d) electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds.

Reviewing the definition of "electronic communication," apart from the exclusions which are not applicable to this matter, it can be separated into three significant parts.  The first portion of the definition refers to "any *transfer* of signs, signals, writing, images, sounds, data, or intelligence of any nature..." (emphasis added).  Webster's Dictionary defines "transfer" as "to convey from one person, place or situation to another" or "to cause to pass from one person to another." ("transfer." *Merriam-Webster.com*. 2011. http://merriam-webster.com (12 July 2011)).  The second portion of the definition requires that it is "...*transmitted* in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system..." (emphasis added).  Webster's Dictionary defines "transmit" as "to send or convey from one person or place to another." ("transmit." *Merriam-Webster.com*. 2011. http://merriam-webster.com (12 July 2011)).

Taking the first two portions of the definition together, they require the same action: in order for an "electronic communication" to occur, the images or data must be conveyed from one person to another or from one place to another.  Therefore, in order for the webcam photograph of Plaintiff Brian Byrd to be an electronic communication, it must be **conveyed** from one person

or place to another.  However, there is no allegation in Plaintiffs' Complaint that Brian Byrd

transferred or transmitted a photograph of himself through the use of the webcam.  In their

Complaint, Plaintiffs allege that DesignerWare's Ashton Kelly "advised law enforcement that the

photographs are taken remotely via the webcam through 'prompting.'"  See ¶47.  As alleged,

"prompting" requires the user "to enter his or her name, address and telephone number," after

which "PC Rental Agent causes the webcam to take, transmit, and store an <u>unauthorized</u>

photograph" (emphasis added).  See ¶48.  Therefore as Plaintiffs allege, the user, in this case

Plaintiff Brian Byrd, was not even aware that the picture had been taken, thus he could not

convey it.  See ¶48.

DesignerWare anticipates that Plaintiffs will argue that a transfer or transmission occurs,

in some form, thereby confirming the existence of an electronic communication because the

webcam photograph was eventually obtained by the franchisee store manager.  See ¶¶37, 46.

However, without a transmission **by the user**, there can be no interception and, thus, no violation

of Section 2511 of the ECPA.  <u>Ideal Aerosmith, Inc. v. Acutronic USA, Inc.</u>, 2007 WL 4394447

(E.D.Pa. 2007), *citing*, <u>Klump v. Nazareth Area Sch. Dist.</u>, 425 F.Supp.2d 622, 633 (E.D.Pa.

2006) (plaintiff only has standing to assert claims with respect to those communications sent by

plaintiff, not with respect to those communications sent by third parties).[1]  Therefore, Plaintiffs

do not have standing to assert that any alleged transfer or transmission between DesignerWare

and the Aaron's franchisee established an electronic communication.  By that logic, in order to be

in violation of the ECPA, Defendants would have to intercept their <u>own</u> electronic

communication.  Based on the allegations within the Complaint, in the case of a photograph of a

---

[1] While <u>Klump</u> involves causes of action brought under the Pennsylvania Wiretapping Act, 18 Pa.C.S. 5701 et seq.,
the Pennsylvania Act tracks the language set forth in the Federal Act and has been interpreted identically.  <u>Fraser v.
Nationwide Mut. Ins. Co.</u>, 352 F.3d 107, 113 n. 6 (3d Cir. 2004).

user taken by the webcam, there is no active transfer or transmission of the image or data by the **user** to another person or another place; accordingly, the first two portions of the definition of "electronic communication" have not been met.

Finally, the third portion of the definition of "electronic communication" requires that the transfer or transmission of images or data "affects interstate or foreign commerce." 18 U.S.C. §2510(12).  It is undisputed that a photograph of a user: (a) taken by a webcam, (b) of which the user is unaware, and (c) the he or she does not transfer or transmit of his or her own accord, has no effect whatsoever on interstate or foreign commerce.  As a result, the photograph alleged to have been taken of Brian Byrd by the PC Rental Agent using the computer's webcam, and ultimately delivered to the Aaron's franchisee, does not meet the definition of an "electronic communication" under the ECPA.

Plaintiffs allege in their Complaint that Ashton Kelly, an employee of DesignerWare, confirmed to law enforcement that PC Rental Agent permitted "the Aaron's Defendants to gather, transmit, and store screen shot images, keystrokes *and* photographs taken via the webcam" (emphasis added).  See ¶45.[2]  However, Plaintiffs' Complaint does not include any factual allegation that DesignerWare's PC Rental Agent software was ever actually used to allegedly intercept screenshots or keystrokes from the computer in the Byrds' possession. Nevertheless, even if Plaintiffs' Complaint had made such allegations, screenshots and keystrokes are not "electronic communications" as that term is defined by the ECPA.

Webster's Dictionary defines a screenshot as "an image that shows the contents of a computer display." ("screenshot." *Merriam-Webster.com*. 2011. http://merriam-webster.com (12

---

[2] It is significant to note that, within this paragraph, Plaintiffs do not allege that Ashton Kelly confirmed to law enforcement that PC Rental Agent "intercepts" screenshots, keystrokes and webcam photographs.  It should be further noted that it is not a violation of the ECPA to "gather," "transmit," or "store" electronic communications.

July 2011)).  In other words, it is simply an image of what was on the computer screen at a particular moment in time.  A screenshot, like a webcam photograph or an email in storage, is not something transferred or transmitted by the user and is, therefore, not an "electronic communication."  One could argue that what the user is doing on the computer screen could have an effect on interstate or foreign commerce (e.g., paying a bill or shopping online).  However, an **image** of what is on the user's screen, by itself, has no effect on interstate or foreign commerce, as required by the definition of "electronic communication."

In regard to whether keystrokes are electronic communications capable of interception under Section 2511, the District Court in U.S. v. Ropp, 347 F.Supp.2d 831 (C.D.Cal 2004), considered whether a hardware-based key logger – a device attached between the keyboard and the computer's central processing unit ("CPU") – intercepted electronic communications in violation of the statute.  Similar to the allegations here, a key logger records each keystroke entered by the user of a particular computer.  See id.  Because the key logger in Ropp recorded the keystroke information in transit between the keyboard and the CPU, the court found that the system transmitting the information did not affect interstate commerce as the statute requires.  See id at 837-38.  The keystroke signals were not "electronic communications" under the ECPA.  See id.  Since the keystrokes do not leave the computer in any transmitted form before they are logged, there is no transmission and no effect on interstate or foreign commerce as required under the ECPA and, thus, no electronic communication.  Therefore, without factual allegations establishing the existence of an electronic communication, Plaintiffs have failed to state a claim upon which relief can be granted under Section 2511 of the ECPA.  In addition, Plaintiffs lack standing to sue DesignerWare under this Court.  As a result, Count I of Plaintiffs' Complaint should be dismissed with prejudice as to DesignerWare.

b.      Plaintiffs have Failed to Plead the Interception of an
        Electronic Communication under the ECPA

Should this Court determine that an electronic communication of some form occurred, DesignerWare argues that Plaintiffs have not properly plead that an "interception" of that electronic communication took place in violation of Section 2511 of the ECPA. It is important to note that this Court need not accept a conclusory allegation that conduct alleged in the Complaint constituted an interception under the ECPA. Crowley v. CyberSource Corp., 166 F.Supp.2d 1263, 1268 (N.D.Cal. 2001), citing, Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

Section 2510(4) of the ECPA defines "intercept" as "the… acquisition of the contents of any… electronic… communication through the use of any electronic, mechanical, or other device." Therefore, the definition of "intercept" can be broken down into two significant parts. The first portion of the definition requires the acquisition of the content of an "electronic communication." Thus, an interception cannot occur without the existence of an electronic communication first. Furthermore, the Third Circuit has held that the acquisition of this electronic communication "must occur contemporaneously with the transmission." Fraser, 352 F.3d at 113. Accordingly, unless a transmission takes place, such that the data or image is being sent by the user to another place or another person, there can be no interception. As already stated above, DesignerWare maintains that webcam photographs, screenshots and keystrokes are not electronic communications because there is no transmission by the user and, thus, they cannot be intercepted. It follows, then, that without a transmission by the user, there cannot be an acquisition that occurs contemporaneously with the transmission. Therefore, Plaintiffs have failed to properly plead the existence of an interception, as that term is defined by the ECPA.

Moreover, even if and assuming *arguendo* that webcam photographs, screenshots or keystrokes could be considered electronic communications, or that an acquisition occurred contemporaneously with a transmission, then an "interception" can **only** take place where the contents of the electronic communication are acquired "through the use of any electronic, mechanical, or other *device*" according to the second portion of the definition.   18 U.S.C. §2510(4) (emphasis added).   In other words, an interception does not occur absent the use of a device.   Wesley College, 974 F.Supp. at 385.   The phrase "electronic, mechanical, or other device" is defined under the ECPA to generally mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication...." 18 U.S.C. §2510(5).   The issue that arises here is whether Plaintiffs have properly plead that DesignerWare's PC Rental Agent is a "device" as that term is used within the ECPA.

In their Complaint, Plaintiffs' allegations refer to DesignerWare's PC Rental Agent as both a "device" and "software."   See e.g., ¶¶3, 8, 12.   Thus, Plaintiffs allege that DesignerWare's PC Rental Agent is something more than – and different from – a "device."   In fact, based on their own pleading, Plaintiffs have distinguished "software" from a "device" by including both terms in their allegation.   However, as noted above, the ECPA specifically defines an "interception" as acquiring an electronic communication through the use of a *device*, not software.[3]

Indeed, case law has treated "software" differently from a "device."   In a similar case, Potter v. Havlicek, 2008 WL 2556723 (S.D.Ohio 2008), the defendant filed a third-party

---

[3] In fact, Webster's Dictionary defines "software" as "something used or associated with and usually contrasted with hardware: as (a): the entire set of programs, procedures and related documentation associated with a system and especially a computer system." ("software." *Merriam-Webster.com*. 2011. http://merriam-webster.com (12 July 2011)).

complaint against a software manufacturer and retailer alleging that he purchased monitoring software called "Activity Monitor," which the defendant installed on his family's computer to record and store all activity on the computer.  Defendant was sued by his ex-wife and another individual for allegedly intercepting their communications through the use of the "Activity Monitor" software.  Potter, at *2.  The software company filed a motion to dismiss which argued, *inter alia*, that the software is not a "device" as that term is used in the ECPA.  Id. at *4.  The district court in Potter held that "clearly, Activity Monitor alone cannot be used to intercept communications.  It must be installed in a device, such as a computer, to be able to do so."  Id. at *8.  The Potter court further noted that "Section 2520 [of the ECPA] simply does not contemplate imposing civil liability on software manufacturers and distributors for the activities of third parties."  Id. at *9, *citing*, Searcy v. Microsoft Corp., 2005 WL 1163114, *1 (M.D.Fla. 2005).  Also, as of the date of the decision, the Potter court held that "no court has applied the []ECPA to a computer software program."  Potter, at *9.[4]  Therefore, in the same way that Activity Monitor was found not to be a device, DesignerWare's PC Rental Agent software is also not a device as contemplated by the ECPA.

DesignerWare anticipates that Plaintiffs will argue that they have alleged that PC Rental Agent is more than just software.  However, a review of Plaintiffs' allegations shows that PC Rental Agent cannot meet the definition of a "device."  Indeed, at Paragraph 46, Plaintiffs allege that "communications and other data captured by the PC Rental Agent was transmitted from Aaron's RTO computers to a central server operated by DesignerWare located in Pennsylvania

---

[4] A review of the relevant case law since Potter also reveals that the ECPA has never been applied to a software program.  By alleging PC Rental Agent is software, Plaintiffs fail to state a claim here.

where the data was then made available to the Aaron's Defendants throughout the country."[5] Under existing law, however, the alleged DesignerWare central server is not a "device" as that term is used by the ECPA. Wesley College, 974 F.Supp. at 385 (the drive or server on which an email is received does not constitute a device for purposes of the Wiretap Act).

Because DesignerWare's PC Rental Agent software does not meet the definition of a "device" under the ECPA, the final issue that arises is whether Plaintiffs have properly plead that PC Rental Agent is, itself, a "device." The only allegation in Plaintiffs' Complaint that refers to PC Rental Agent as a "device" is made "upon information and belief" and refers to PC Rental Agent as being "soldered into the motherboard." See ¶30. Therefore, at best, Plaintiffs' sole allegation that PC Rental Agent is a "device" raises Plaintiffs' right to relief only to the level of speculation. See Twombly, supra.[6] Therefore, without factual allegations respecting all the material elements necessary to sustain recovery under Section 2511 of the ECPA, Plaintiffs have failed to state a claim upon which relief can be granted. As a result, Count I of Plaintiffs' Complaint should be dismissed with prejudice as to Defendant DesignerWare.

---

[5] DesignerWare denies this allegation but notes that it must be accepted as true for purposes of DesignerWare's Motion to Dismiss. Furthermore, Tim Kelly testified at the Preliminary Injunction hearing that DesignerWare's server merely relays an email containing the requested information from the RTO computer to the Aaron's franchisee. See Preliminary Injunction Hearing Testimony of Tim Kelly dated May 24, 2011 attached to DesignerWare's Motion as Exhibit "A", at 47:1-3.

[6] Furthermore, Tim Kelly testified at the Preliminary Injunction hearing that the "device" language referenced by Plaintiffs in their Complaint at Paragraph 30 was created by DesignerWare to thwart individuals from attempting to find and disable the PC Rental Agent software. See Kelly Testimony at 10:19-11:21. Mr. Kelly further testified that PC Rental Agent is software only, and not a device as Plaintiffs allege at Paragraph 30. See Kelly Testimony at 6:16-7:18.

c.   Plaintiffs Lack Standing to Bring a Cause of Action
under Section 2511 of the ECPA

Plaintiffs allege in their Complaint (Doc. 1), at Paragraph 59, that Section 2520 of the

ECPA provides for a private cause of action under Section 2511.   Section 2520(a) states in

pertinent part:

> any person whose… electronic communication is intercepted,
> disclosed, or intentionally used in violation of this chapter may in a
> civil action recover from the person or entity… which engaged in
> that violation such relief as may be appropriate.

Based on the plain language of Section 2520(a), a civil cause of action arises only against the

"person or entity" that engaged in the inception, disclosure or intentional use of the electronic

communication.   Therefore, to achieve standing, a federal wire-tapping plaintiff must allege that

his or her "wire, oral, or electronic communication" was "intercepted, disclosed, or intentionally

used" **by the defendant**.   Searcy, supra., at *1 (emphasis added).   Within the "Substantive

Allegations" in their Complaint, Plaintiffs do not allege that <u>DesignerWare</u> intercepted, disclosed

or intentionally used Plaintiffs' electronic communication; instead, Plaintiffs allege only that

DesignerWare's PC Rental Agent software "permitted the Aaron's Defendants to… intercept…

electronic communications." See ¶26; see also ¶¶27, 28, and 45.[7]   Without a factual allegation

that DesignerWare intercepted, disclosed or used Plaintiffs' electronic communication, Plaintiffs

have no standing to bring a cause of action against DesignerWare under Section 2511 of the

---

[7] While Paragraph 31 of Plaintiffs' Complaint alleges "PC Rental Agent allows the Aaron's Defendants, DesignerWare and their agents to surreptitiously monitor, intercept and collect Plaintiffs' electronic communications from anywhere in the world," DesignerWare asserts that this is not a factual allegation but merely a conclusory statement that should not be considered by this Court. See Iqbal. Aside from stating nothing more than a recitation of the elements of the cause of action, there is no allegation that DesignerWare ever intercepted an electronic communication from the computer in the Byrd's possession. See Crowley, at 1268 (the Court need not accept a conclusory allegation that conduct alleged in the complaint constituted an interception under the Wiretap Act).

ECPA.  As a result, Count I of Plaintiffs' Complaint should also be dismissed with prejudice as

to Defendant DesignerWare due to Plaintiffs' lack of standing to sue.

### 2.    COUNT II – SECTION 2512 OF THE ECPA

In their Complaint (Doc. 1), Plaintiffs allege at Count II that DesignerWare is in violation

of Section 2512 of the ECPA: in particular, subsections (1)(a), (1)(b), (1)(c)(i), and (1)(c)(ii).

See ¶¶64-67.  Section 2512(1) of the ECPA states in pertinent part:

> any person who intentionally:
>
> (a) – sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of... electronic communications;
>
> (b) - manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of... electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; or
>
> (c) – places in any newspaper, magazine, handbill, or other publication or disseminates by electronic means any advertisement of:
>
> > (i) – any electronic, mechanical, or other device knowing the content of the advertisement and knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of... electronic communications; or
> >
> > (ii) – any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of... electronic communications, knowing the content of the advertisement and knowing or having reason to know that

> such advertisement will be sent through the mail or transported in interstate or foreign commerce.

-- shall be fined under this title or imprisoned not more than five years, or both.

To summarize, Section 2512 of the ECPA is a criminal statute that prohibits the manufacture, distribution, possession, and advertising of a device the design of which renders it *primarily* useful to surreptitiously intercept electronic communications.

      a.      <u>Section 2512 of the ECPA Does Not Provide a Private Right to Bring a Civil Action</u>

Initially, it is necessary to examine whether Plaintiffs possess a private right to bring a civil action against DesignerWare under Section 2512 of the ECPA. Plaintiffs allege in their Complaint (Doc. 1), at Paragraph 68, that Section 2520 of the ECPA provides for a private cause of action under Section 2512. However, the language of Section 2520, which authorizes civil actions under the ECPA, only applies to violations of Section 2511, as noted previously in this brief. Section 2520(a) states in pertinent part:

> any person whose... electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity... which engaged in that violation such relief as may be appropriate.

Based on the plain language of Section 2520(a), a civil cause of action arises only when a violation of the statute results in a person's electronic communication being intercepted, disclosed, or intentionally used as defined under **Section 2511**. See <u>Bailey v. Bailey</u>, 2008 WL 324156, *7 (E.D.Mich. 2008) (emphasis added). On the other hand, Section 2512 prohibits *only* the manufacture, distribution, possession and advertising of particular devices. Therefore a violation of Section 2512, even if proven, has nothing to do with the actual interception,

disclosure, or use of an electronic communication (in violation of Section 2511) and, thus, the language of Section 2520(a) does not apply.  See Bailey, supra.  More specifically, as the Third Circuit and other circuit courts have held, there is no private right to bring a civil action under Section 2512.  See Bailey, supra; DIRECTV, Inc. v. Chorba, 2005 WL 3095067 (M.D.Pa. 2005); DIRECTV, Inc. v. Barker, 2004 WL 1729484 (E.D.Pa. 2004); DIRECTV, Inc. v. Boggess, 300 F.Supp.2d 444 (S.D.W.Va. 2004); DIRECTV, Inc. v. Morris, 357 F.Supp.2d 966 (E.D.Tex. 2004).  Because there is no provision for a private right to bring a civil action under Section 2512, Plaintiffs have failed to state a claim upon which relief can be granted under Section 2512 of the ECPA.  As a result, Count II of Plaintiffs' Complaint should be dismissed with prejudice as to Defendant DesignerWare.

> b.   Plaintiffs have Failed to Properly Allege the Grounds for their Entitlement to Relief under Section 2512

Should this Court determine that Plaintiffs have a private right to bring a civil action against DesignerWare under Section 2512 of the ECPA, which DesignerWare denies, then this Court must determine whether Plaintiffs have properly alleged the grounds for their entitlement to relief under Section 2512.  In other words, this Court must determine whether Plaintiffs alleged enough facts, suggestive of the proscribed conduct and more than a recital of the elements of the cause of action, to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  See Twombly, supra.  Therefore, Plaintiffs must properly allege the manufacture, distribution, possession or advertising of a "device" the design of which renders it "primarily useful for the purpose of the surreptitious interception of... electronic communications."  18 U.S.C. §2512(a)-(c).

In their Complaint, Plaintiffs allege that PC Rental Agent is a "device or software... manufactured by co-defendant Designerware, LLC." See ¶1.  Plaintiffs further allege that DesignerWare "designed, manufactured, assembled, possessed, marketed, advertised and sold" to the Aaron's Defendants "the devices and/or software... which permitted the illegal and wrongful activity." See ¶8.  Plaintiffs further allege that DesignerWare is the "designer and distributor of PC Rental Agent device and/or software." See ¶12.  Plaintiffs further allege that PC Rental Agent is "manufactured, assembled, advertised and sold to the Aaron's Defendants by DesignerWare for the primary purpose of allowing the Aaron's Defendants to remotely track, access, monitor, monitor [sic] and/or transmit electronic communications on Aaron's RTO computers." See ¶28.  There are no other factual allegations in Plaintiffs' Complaint relevant to Count II plausibly suggesting entitlement to relief.[8]

A review of Plaintiffs' allegations demonstrates that they have failed to allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action under Section 2512 of the ECPA.  In particular, Plaintiffs have failed to allege that DesignerWare manufactures, distributes, possesses or advertises a "device," as that term is used within the statute.  As noted previously in this brief, Plaintiffs' allegations refer to DesignerWare's PC Rental Agent as both a "device" and "software." See e.g., ¶¶3, 8, 12. However, based on their own pleading, Plaintiffs have distinguished "software" from a "device" by including both terms in their allegation.  As noted above, software by itself is not a "device" as contemplated by the ECPA.  Potter, at *8.  In addition, the only allegation that refers to PC

---

[8] It should be noted that Plaintiffs do not allege at Paragraph 28 that the primary purpose of PC Rental Agent is the "interception" of electronic communications.  Furthermore, Plaintiffs' allegations under Count II of the Complaint are nothing more than threadbare recitals of elements of the cause of action supported by mere conclusory statements. See ¶¶62-69; see also Iqbal, supra.

Rental Agent as a "device" is made "upon information and belief" and refers to PC Rental Agent

as being "soldered into the motherboard." See ¶30.  Therefore, at best, Plaintiffs' sole allegation

that PC Rental Agent is a "device" raises Plaintiffs' right to relief only to the level of speculation.

See Twombly, supra.[9]

Because Plaintiffs have failed to properly allege the grounds for their entitlement to relief

under Section 2512, Plaintiffs have failed to state a claim upon which relief can be granted.  As a

result, Count II of Plaintiffs' Complaint should be dismissed with prejudice as to Defendant

DesignerWare.

**B.**      **Plaintiffs' Causes of Action under the Computer Fraud and Abuse Act, 18 U.S.C.A. §1030, _et seq._ (Count III) should be Dismissed for Lack of Standing and Failure to State a Claim upon which Relief may be Granted.**

In their Complaint (Doc. 1), Plaintiffs allege at Count III that DesignerWare is in

violation of Section 1030(a) of the CFAA: in particular, subsections (2)(C), (5)(A), (5)(B), and

(5)(C).  See ¶¶71, 75-77.[10]  Plaintiffs further allege that Section 1030(g) of the CFAA "provides

a civil cause of action to any person who suffers damage or loss by reason of a violation of

CFAA." See ¶73. Section 1030(g) of the CFAA states in pertinent part:

> Any person who suffers damage or loss by reason of a violation of
> this section may maintain a civil action against the violator to
> obtain compensatory damages and injunctive relief or other
> equitable relief. A civil action for a violation of this section may be
> brought only if the conduct involves 1 of the factors set forth in
> subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).

---

[9] Again, Tim Kelly testified at the Preliminary Injunction hearing that the "device" language referenced by Plaintiffs in their Complaint at Paragraph 30 was created by DesignerWare to thwart individuals from attempting to find and disable the PC Rental Agent software.  See Kelly Testimony at 10:19-11:21.  Mr. Kelly further testified that PC Rental Agent is software only, and not a device as Plaintiffs allege at Paragraph 30.  See Kelly Testimony at 6:16-7:18.

[10] Plaintiffs allege violations of Section 1030(a)(5)(A)(i), (5)(A)(ii), and (5)(A)(iii), which were renumbered as (5)(A), (5)(B), and (5)(C), respectively, with the Amendment of the statute on September 26, 2008.

> Damages for a violation involving only conduct described in
> subsection (c)(4)(A)(i)(I) are limited to economic damages…

In order for Plaintiffs to establish that they have standing and have stated a claim upon which relief can be granted under the CFAA, Plaintiffs must first demonstrate that: (1) they possess the right to bring a civil action for relief against DesignerWare under the CFAA, and (2) that they have properly alleged the grounds for their entitlement to relief under the CFAA.

As noted in the first sentence of Section 1030(g), a civil action may be maintained by any person who suffers "damage or loss by reason of a violation." Therefore, it is necessary to first determine whether Plaintiffs have properly alleged the elements of "damage" and/or "loss," such as those terms are defined by the statute. Section 1030(e)(8) defines "damage" as "any impairment to the integrity or availability of data, a program, a system, or information." Section 1030(e)(11) defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." A review of the allegations made in Plaintiffs' Complaint demonstrate that they have failed to properly allege the elements of "damage" and "loss" and, therefore, are not entitled to maintain a civil action against DesignerWare.

A review of the "Substantive Allegations" demonstrates that Plaintiffs have failed to present any factual allegation regarding impairment to the integrity or availability of data, a program, a system or information, i.e., "damage." See ¶¶26-49. In addition, the majority of the allegations under Count III of the Complaint are nothing more than a recitation of the elements of the cause of action, providing no substantial factual allegations to be considered by this Court.

See ¶¶71-79, 83-84; see supra Twombly; and Iqbal. Furthermore, while Plaintiffs allege at Paragraph 80 that they suffered damage in the form of a "violation of the right of privacy" and "disclosure of personal information that is otherwise private, confidential, and not of public record," these terms do not fall within the definition of "damage" as outlined in Section 1030(e)(8). In other words, in alleging that they have been "spied on," Plaintiffs have not established they have suffered "damage" as that term is defined by the statute since there has been no alleged impairment to any **data** on the computer that was in Plaintiffs' possession.

Because Plaintiffs have failed to properly plead "damage," in order for Plaintiffs to maintain a civil action against DesignerWare under the CFAA, they must properly allege some form of "loss." Section 1030(g) states that a civil action for a violation of the CFAA may be brought "only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." While Plaintiffs allege at Paragraph 81 of their Complaint that DesignerWare's violation of the CFAA caused "loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages" (see 18 U.S.C. §1030(c)(4)(A)(i)(I)), this is once again nothing more than a recitation of an element of the cause of action that provides no substantive facts. See supra Twombly; and Iqbal. Furthermore, an alleged "violation involving conduct described in subsection (c)(4)(A)(i)(I) is limited to economic damages," which economic damages Plaintiffs have failed to specifically plead. 18 U.S.C. §1030(g). Because Plaintiffs have not quantified their harm as required by the statute or even attempted to show what portion of their harm is attributable to DesignerWare, the Court should find that Plaintiffs have not properly pleaded that the harm allegedly caused by DesignerWare exceeds $5,000. See Ticketmaster L.L.C. v. RMG Technologies, Inc., 507 F.Supp.2d 1096 (C.D.Cal. 2007).

Further review of Plaintiffs' Complaint demonstrates that the only other "loss" alleged by Plaintiffs is the loss of "the right of privacy." See ¶82. However, as with the definition of "damage," the loss of the right to privacy does not fall within the definition of "loss" as outlined in Section 1030(e)(11). Without specific allegations regarding how DesignerWare's conduct has caused Plaintiffs to suffer "damage" or "loss," as those terms are defined by the CFAA, or what amount of economic damages Plaintiffs have sustained, Plaintiffs are not entitled to maintain a civil cause of action against DesignerWare under the CFAA. Thus, Plaintiffs have failed to state a claim upon which relief may be granted under the CFAA. In addition, Plaintiffs lack standing to sue DesignerWare under this Court. As a result, Count III of Plaintiffs' Complaint should be dismissed with prejudice as to Defendant DesignerWare.

## IV.   CONCLUSION

If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but not shown – that the pleader is entitled to relief. Paschal v. University of Pittsburgh School of Dental Medicine, 2010 WL 4854675 (W.D.Pa. 2010). In this case, Plaintiffs' allegations, even when accepted as true, fail to meet the required elements of any plausible claim. Based on the foregoing, Defendant DesignerWare, LLC respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, in its entirety, as to DesignerWare.

Respectfully submitted,

BURNS WHITE LLC

By:   /s/ David B. White
      David B. White, Esquire
      PA I.D. No. 36684
      dbwhite@burnswhite.com

      /s/ Lyle D. Washowich
      Lyle D. Washowich, Esquire
      PA I.D. No. 84348
      ldwashowich@burnswhite.com

      /s/ Brian M. Mancos
      Brian M. Mancos, Esquire
      PA I.D. No. 89720
      bmmancos@burnswhite.com
      Four Northshore Center
      106 Isabella Street
      Pittsburgh, PA  15212
      Phone:  (412) 995-3000
      Fax:  (412) 995-3300

      Attorneys for Defendant,
      DesignerWare, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2011 a copy of the Brief in Support of Designerware, LLC's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) or, in the alternative, Motion for Summary Judgment Pursuant to F.R.C.P. 56 was served on counsel of record, via electronic filing, addressed as follows:

Leonard A. Davis, Esquire
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113
Via email: ldavis@hhkc.com

James F. Green, Esquire
Herman Gerel LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email: hgreen@ashcraftlaw.com

Michael W. Heaviside, Esquire
Herman Gerel LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email: mheaviside@ashcraftlaw.com

Maury A. Herman, Esquire
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113
Via email: mherman@hhkc.com

Andrea S. Hirsch, Esquire
Herman Gerel LLP
230 Peachtree Street, NW
Suite 2260
Atlanta, GA 30303
Via email: ahirsch@hermangerel

Frederick S. Longer, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Via email: flonger@lfsblaw.com

Daniel C. Levin, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Via Email:  dlevin@lfsblaw.com

Michelle Parfitt, Esquire
Herman Gerel, LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
Via email:  mparf@aol.com

Christopher V. Tisi, Esquire
Herman Gerel, LLP
2000 L Street, NW
Suite 400
Washington, DC 20036
Via email:  cvtisi@aol.com

Neal R. Devlin, Esquire
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
Via Email:  ndevlin@kmgslaw.com

Richard A. Lanzillo, Esquire
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
Via Email:  rlanzillo@kmgslaw.com

Kristine McAlister Brown, Esquire
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Via Email:  kristy.brown@alston.com

William Herman Jordan, Esquire
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta, GA 30309
Via Email:  bill.jordan@alston.com

John H. Robinson, Esquire
Jamieson & Robinson, LLC
214 South Grant Street
Casper, WY 82601
Via Email:  robinsn@vcn.com

Michael E. Begley, Esquire
Moulton Bellingham PC
Crowne Plaza
27 North 27th Street
Suite 1900
Billings, MT 59101
Via Email:  mike.begley@moultonbellingham.com

Michele L. Braukmann, Esquire
Moulton Bellingham PC
Crowne Plaza
27 North 27th Street
Suite 1900
Billings, MT 59101
Via Email:  michele.braukmann@moultonbellingham.com

Ross W. McLinden, Esquire
Moulton Bellingham PC
Crowne Plaza
27 North 27th Street
Suite 1900
Billings, MT 59101
Via Email:  ross.mclinden@moultonbellingham.com

Anthony Williott, Esquire
Theodore J. Kobus, Esquire
James A. McGovern, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
2900 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
Via Email:  ajwilliott@mdwcg.com; tjkobus@mdwcg.com; jamcgovern@mdwcg.com

Respectfully submitted,

BURNS WHITE LLC

By:   /s/ David B. White
      David B. White, Esquire
      Counsel for Defendant
        DesignerWare, LLC