IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRYSTAL BYRD and BRIAN BYRD,
Individually, and on Behalf of all Similarly
Situated Persons,

    Plaintiffs,

-vs-

AARON'S, INC.; ASPEN WAY
ENTERPRISES, INC., d/b/a Aaron's Sales
and Leasing, a franchisee of Aaron's Inc.;
JOHN DOES (1-100) AARON'S
FRANCHISEES; and DESIGNERWARE,
LLC,

    Defendants.

Civil No. 1:11-CV-101-SPB

*ELECTRONICALLY FILED*

**DEFENDANT ASPEN WAY
ENTERPRISES, INC.'S MOTION TO
DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT**

    Pursuant to F.R.C.P. 12(b)(2), Defendant Aspen Way Enterprises, Inc. moves for dismissal of the Second Amended Complain for the following reasons:

    1.    On March 20, 2012, the Honorable Trial Court issued an Order dismissing Plaintiffs' First Amended Complaint against Aspen Way based on a lack of personal jurisdiction. Although the Honorable Court found Plaintiffs' conspiracy allegations in Count I of the First Amended Complaint insufficient and inadequate under existing case law, the Court granted Plaintiffs leave to amend their conspiracy claim in Count I to attempt to adequately allege facts that would establish personal jurisdiction based on conspiracy.

    2.    The Court initially granted Plaintiffs 60 days in which to conduct discovery and to file another Amended Complaint, if appropriate. Thereafter, the Court granted two additional 60 day extensions for the filing of the Second Amended Complaint, taking the deadline out to September 14, 2012.

    3.    After Plaintiffs' request for yet another extension was denied on September 13, 2012, Plaintiffs filed their Second Amended Complaint on September 14, 2012.

4. In their Second Amended Complaint, Plaintiffs attempt to re-plead Count I of the Complaint alleging violation of the Electronic Communications Privacy Act, 18 U.S.C. §2511. Plaintiffs also attempt to add state law claims for invasion of privacy and "aiding and abetting." Finally, Plaintiffs segregated their alleged conspiracy claim into a separate count.

5. Despite having nearly six months to do so and engaging in extensive discovery, Plaintiffs have come forward with no additional factual basis that would establish personal jurisdiction over Aspen Way on the claims set forth in the Second Amended Complaint. Accordingly, the Second Amended Complaint must be dismissed as to Aspen Way for lack of personal jurisdiction.

6. Defendant also submits a supporting Brief with three attached Affidavits, all of which are incorporated herein by reference as if fully set forth and re-stated herein.

WHEREFORE, Defendant Aspen Way Enterprises, Inc. respectfully requests this Honorable Court grant the within Motion to Dismiss and enter an Order dismissing Plaintiffs' Second Amended Complaint, with prejudice.

Respectfully submitted,

*/s/ Anthony J. Williott*
Anthony J. Williott, Esquire
PA I.D. #43684
Attorney for Defendant,
Aspen Way Enterprises, Inc.
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Suite 2900, 600 Grant Street
Pittsburgh, PA  15219
ajwilliott@mdwcg.com
(412) 803.1140
(412) 803.1188 (fax)