IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL BYRD and BRIAN BYRD,<br>Individually, and on Behalf of all<br>Similarly Situated Persons, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 11-101E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AARON'S, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Susan Paradise Baxter for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C, 72.D and 72.G of the Local Rules for Magistrates.

On January 27, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 318), which gave recommendations on several outstanding motions (Docs. 161, 163, 192, 194, 298, 299, and 300). The Court will address these motions in turn.

**A. The Motions, filed by various franchisees, to Dismiss for Lack of Standing (Docs. 192, 194, 298, 299, 300)**

The Report and Recommendation recommend the following following motions be granted for lack of subject matter jurisdiction based on Plaintiffs' lack of standing:

(1) The motion to dismiss filed by Defendant Arona Corporation (**Doc. 192**);

(2) The motion to dismiss filed by Defendants AH&H Leasing, LLC, Bear Rental Purchase, Ltd., Boxer Enterprise, Inc., Circle City Rentals, CMH Leasing Partners, LLC, CRAM Leasing, Inc., DC Sales & Lease, Inc., Dirigo Leasing, Inc., DPR Alaska, LLC, DPR Colorado, LLC, DW3, LLC, DWC Ventures, LLC, Fairway Leasing, LLC, Five Star Financials, LLC, FT Got Three, LLC, GNS & Associates, Inc., Green Fiver Corporation, Hanson Holding Company, Honey Harbor Investments, LLC, Howard Rents, LLC, HPH Investments,

      LLC, J&L Beach Enterprises, Inc., J.R. Rents, Inc., Jenfour, LLC, Jenkins Rental, LLC, KFJ Enterprises, LLC, Lifestyle Furniture Leasing, Madison Capital Investments, Inc., MKW Investments, Inc., No Three Putts Enterprises, LLC, NW Freedom Corporation, Pomona Lane Partners, LLC, R & Double K, LLC, Rebco Investments, LLC, Rex Neal, Inc., Royal Rents, Inc., Royal Rocket Retail, LLC, SEI/Aaron's, Inc., Shining Star, Showcase Home Furnishings, Inc., Sultan Financial Corporation, Tanglewood Management, LLC, TDS Foods, Inc., Tur, Inc., Watershed Development Corporation, and WGC, LLC (**Doc. 194**)

    (3) The motions for joinder filed by Defendants Great American Rent-to-Own, AMG Enterprises Group, and J.M. Darden and Company (**Docs. 298, 299, and 300**).

Service of the Report and Recommendation was made on the parties, and the parties timely filed objections. After a *de novo* review of the issues raised in the objections, together with the Report and Recommendation, the following Order is entered:

The Motions by the various franchisees for lack of standing (**Docs. 192, 194, 298, 299, and 300**) are **GRANTED**. The January 27, 2014 Report and Recommendation of Magistrate Judge Baxter, with regard to these motions is adopted as the Opinion of the District Court.

The Clerk of Courts is kindly directed to terminate the following as parties to this action: AH&H Leasing, LLC, AMG Enterprises Group, LLC, Arona Corporation, Bear Rental Purchase, Ltd., Boxer Enterprise, Inc., Circle City Rentals, CMH Leasing Partners, LLC, CRAM Leasing, Inc., DC Sales & Lease, Inc., Dirigo Leasing, Inc., DPR Alaska, LLC, DPR Colorado, LLC, DW3, LLC, DWC Ventures, LLC, Fairway Leasing, LLC, Five Star Financials, LLC, FT Got Three, LLC, GNS & Associates, Inc., Great American Rent-to-Own, Inc., Green Fiver Corporation, Hanson Holding Company, Honey Harbor Investments, LLC, Howard Rents, LLC, HPH Investments, LLC, J&L Beach Enterprises, Inc., J.R. Rents, Inc., J.M. Darden & Company, Jenfour, LLC, Jenkins Rental, LLC, KFJ Enterprises, LLC, Lifestyle Furniture Leasing, Madison Capital Investments, Inc., MKW Investments, Inc., No Three Putts Enterprises, LLC, NW

Freedom Corporation, Pomona Lane Partners, LLC, R & Double K, LLC, Rebco Investments, LLC, Rex Neal, Inc., Royal Rents, Inc., Royal Rocket Retail, LLC, SEI/Aaron's, Inc., Shining Star, Showcase Home Furnishings, Inc., Sultan Financial Corporation, Tanglewood Management, LLC, TDS Foods, Inc., Tur, Inc., Watershed Development Corporation, and WGC, LLC.

### B. Motion to Dismiss for Failure to State a Claim, filed by Aaron's (Doc. 163)

The Report and Recommendation recommended that the motion to dismiss filed by Defendant Aaron's, Inc. (**Doc. 163**) should be granted in part and denied in part. Service of the Report and Recommendation was made on the parties, and the parties timely filed objections. After a *de novo* review of the issues raised in the objections, together with the Report and Recommendation, the following Order is entered:

The motion to dismiss filed by Defendant Aaron's, Inc. (**Doc. 163**) is **GRANTED IN PART AND DENIED IN PART.** The Report and Recommendation with regard to this motion is adopted as the Opinion of the District Court, with the following modification:

Plaintiffs' claim of Conspiracy to violate the ECPA (contained in Count III) will be dismissed. The January 27, 2014 Report and Recommendation concluded, without analysis, that Plaintiffs' claim for conspiracy to violate the ECPA still survived.[1] However, secondary liability no longer exists under the current statutory structure of the ECPA. See, e.g., Shefts v. Petrakis, 954 F. Supp. 2d 769, 776-77 (C.D. Ill. 2013); Kirch v. Embarq Mgmt. Co., 702 F.3d 1245, 1246-47 (10th Cir. 2012); Peavy v. WFAA-TV, Inc., 221 F.3d 158, 169 (5th Cir. 2000). Accordingly,

---

[1] It appears that it may have been unclear whether Plaintiffs were even still pursuing such a claim. Aaron's, in its objections, asserts that Plaintiffs have repeatedly represented to the Court that they are no longer pursuing any claims of secondary liability for ECPA violations. See Doc. 322. However, Plaintiffs' Third Amended Complaint still included a claim for conspiracy to violate the ECPA in Count III. Doc. 134 at ¶174. Regardless, because the Court finds that no secondary liability exists under the ECPA, this claim will now be dismissed.

Defendants cannot be held liable for a claim of conspiracy to commit violations of the ECPA. As such, Count III of Plaintiff's claim, for conspiracy to commit an ECPA violation, will be dismissed.[2]

With regard to the only remaining claim, Count I, for violation of the ECPA, the Court notes that Aaron's has raised persuasive objections about whether there has actually been an "interception" of an "electronic communication," as required under the ECPA. See Doc. 322. However, the Court finds that Judge Baxter's opinion properly addressed Aaron's concerns in the Report and Recommendation, and the Court agrees that in this stage of the litigation, Plaintiffs have sufficiently pled a claim for direct liability under the ECPA. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). ("[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."). Whether an actual interception of an electronic communication took place will be born out through discovery, and Aaron's is free to raise these arguments again on a more developed record, as a motion for summary judgment.

### C. Motion to Dismiss for Lack of Personal Jurisdiction, filed by Aspen Way (Doc. 161)

The Report and Recommendation recommended that the motion to Dismiss filed by Defendant Aspen Way Enterprises (**Doc. 161**) should be denied.  Service of the Report and Recommendation was made on the parties, and the parties timely filed objections.  After a *de*

---

[2] The Court recognizes that the Court, in a similar case, Arrington v. Colortyme, Inc., Civ. No. 12-264E, 2013 WL 5230728 (W.D. Pa. Sept. 17, 2013), found that Plaintiffs could be liable for "procuring" another to violate the ECPA.  In that case, the parties did not raise the issue of whether "procurement" liability still exists under the ECPA after the 1986 statutory amendment, and therefore the issue was not properly before the Court.  Indeed, here, while Defendant Aspen Way argued in great lengths that Plaintiffs have failed to sufficiently plead a conspiracy, only Defendant Aaron's raised the issue of the viability of a secondary liability claim under the ECPA.

*novo* review of the issues raised in the objections, together with the Report and Recommendation, the following Order is entered:

The motion to Dismiss filed by Defendant Aspen Way Enterprises (**Doc. 161**) is **DENIED**.  The Report and Recommendation with regard to this motion is adopted as the Opinion of the District Court, with the following modification:

As described above, the Court has found that secondary liability cannot exist under the ECPA, and accordingly, has dismissed Plaintiffs' only remaining conspiracy claim.  In light of this, the Court is now doubtful of the applicability of the absent co-conspirator doctrine of personal jurisdiction in this case.  See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 102, n. 8 (3d Cir. 2004) (finding it unnecessary to address the conspiracy theory of personal jurisdiction because the plaintiff had not alleged an *actionable* conspiracy).

However, the March 20, 2012 Order (Doc. 95), which found the purposeful availment prong lacking, has since been vacated.  See Doc. 338.  Accordingly, regardless of whether the absent co-conspirator theory of personal jurisdiction can still apply, the Court still has personal jurisdiction over Defendant Aspen Way under a specific jurisdiction theory.  Id.

IT IS SO ORDERED.

March 31, 2014                                              s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record