UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL BYRD, et al | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No.: 11-101 |
| v. | : | (Judge Cathy Bissoon) |
| | : | (Magistrate Judge Susan Paradise Baxter) |
| AARON'S INC., et al | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CERTIFICATION OF JUDGMENT AS FINAL
AND APPEALABLE PURSUANT TO FED.R.CIV.P. 54(b)**

**I.   INTRODUCTION**

Plaintiffs Crystal and Brian Byrd, individually and as representatives of a proposed class, request that the Court certify its March 31, 2014 Order, *see* Rec.Doc. 339, so far as it adopts the Honorable Susan Paradise Baxter's Report and Recommendation with respect to the dismissal of all Franchisee Defendants (other than Aspen Way Enterprises, Inc. ("Aspen Way")), as Plaintiffs purportedly lack standing to pursue claims against these Franchisee Defendants.

On January 27, 2014, Magistrate Judge Baxter issued a Report and Recommendation on Defendants' Motions to Dismiss the Corrected Third Amended Complaint ("TAC") (the "Report"). As noted above, the Report recommends that the Court dismiss all Franchisee Defendants (other than Aspen Way). The Report also recommends that the Court deny Aspen Way's motion to dismiss based on a lack of personal jurisdiction; and grant Aaron's 12(b)(6) motion so far as it seeks to

dismiss certain of Plaintiffs' state law claims (invasion of privacy and aiding and abetting).[1] Plaintiffs timely objected to the Report so far as it recommended dismissal of all Franchisee Defendants (other and Aspen Way) and dismissal of Plaintiffs' state law claims. On March 31, 2014, this Court adopted the Report.

For the reasons set forth in detail below, Plaintiffs respectfully request that the Court certify its March 31, 2014 order as final and appealable so far as it adopts the Report and dismisses all Franchisee Defendants (other than Aspen Way).

## II.   STANDARD OF REVIEW

"A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.' " *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir.2006) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980)). The trial court must "clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir.1992). Whether to certify a final decision under Rule 54(b) is left to the discretion of the district court. *Berckeley Inv. Group, Ltd.*, 455 F.3d at 202.

## III.   ARGUMENT

So far as the Court's March 31, 2014 order adopts the Report and dismisses all Franchisee Defendants (other than Aspen Way), the Court should certify the order as final and appealable as the order is clearly a final order with respect to Plaintiffs' claims against the Franchisee Defendants.

---

[1] Magistrate Judge Baxter also recommended that Aaron's motion to dismiss so far as it seeks to dismiss Plaintiffs' claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511, be denied.

2

There is no just reason for delaying the appeal as Plaintiffs do not propose staying the instant proceedings while pursuing their appeal of this Court's order dismissing the Franchisee Defendants. Since the instant proceedings will continue in conjunction with the proposed appeal, no delay will result from the certification of the appeal.

It is well recognized that orders dismissing a party or parties outright are final for purposes of Rule 54(b). *See Cooper v. Commisioner of Internal Revenue*, 2012 WL 734696 (D.V.I. Mar. 2, 2012) ("Regarding the first Rule 54(b) certification inquiry, the Court finds that its Order granting the IRS' Motion to Dismiss (Dkt. No 17) is 'an ultimate disposition on a cognizable claim for relief.' ") (quoting *Berckeley Inv. Group, Ltd.* 455 F.3d at 202); *Banque Paribas v. Hamilton Industries Intl.,* 767 F.2d 380, 383 (7th Cir.1985) (certification of orders disposing of entire dispute between plaintiff and one defendant proper under 54(b)); *Smith v. Turner,* 2006 WL 839468, at *2 (S.D.Ind. March 29, 2006) (finding that order dismissing claims against one group of defendants for lack of subject matter jurisdiction was a final order for purposes of Rule 54(b)). *See also Bush v. Adams*, 629 F. Supp. 2d 468, 474 (E.D. Pa. 2009) ("the orders dismissing Serene, Adams, and Russell would seem to be more appropriately considered under Rule 54(b) because, if not for the presence of the other defendants, the orders would have been immediately appealable.").

Thus, based on the forgoing authority it is clear that the order dismissing the Franchisee Defendants is a final judgment on the merits as to these defendants for purposes of Rule 54(b). In addition, there is no just reason for delay with respect to certification of an appeal.

The Third Circuit has listed the following factors for a district court to evaluate in ascertaining the propriety of a Rule 54(b) certification:

> (1) the relationship between the adjudicated and unadjudicated

> claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
>
> Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), overruled in part by *Curtiss–Wright*, 446 U.S. at 6–7; *see also Devcon Intern. Corp. v. Reliance Ins. Co.*, 2007 WL 4800356, at *2 (D.V.I. Dec. 21, 2007) (discussing factors).

Consideration of the five factors identified by the Third Circuit in *Allis-Chalmers Corp.* demonstrates that the Court should certify an appeal of its order dismissing the Franchisee Defendants. The first factor is not implicated by the certification of an appeal as the order provides for the dismissal of certain parties to this litigation and does not purport to adjudicate any claims, its ruling was based upon jurisdiction only. Nor is the second factor implicated as Plaintiffs acknowledge that they will have the ability to appeal this judgment at a later stage in the proceedings. As for the third factor, there is no possibility that the reviewing court might be obligated to consider the same issue a second time. That is, the Court granted the motion to dismiss the Franchisee Defendants on jurisdictional grounds. It is not anticipated that any of the remaining defendants will be in a position to raise standing arguments under the facts of this case. The fourth factor is not implicated by the certification of an appeal in this matter. Evaluation of the fifth factor strongly supports the certification of an appeal of the March 31, 2014 order. No delay will result from an

order certifying an appeal since Plaintiffs do not propose staying these proceedings while they pursue their appeal. No other miscellaneous factors are implicated by the certification of an appeal.

Accordingly, evaluation of the five factors identified by the Third Circuit in *Allis-Chalmers Corp.* demonstrates that certification of an appeal is appropriate in this case.

## IV.   CONCLUSION

Plaintiffs respectfully request that this Court certify its March 31, 2014 order as final and appealable so far as it adopts the Report and dismisses all Franchisee Defendants (other than Aspen Way). Oral argument is requested.

Respectfully submitted,

Dated: April 8, 2014

   /s/ Frederick S. Longer
Arnold Levin, Esquire
Frederick S. Longer, Esquire
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:    215-592-1500
Telecopier:    215-592-4663

John H. Robinson, Esquire
**JAMIESON & ROBINSON, LLC**
214 S. Grant Street
Casper, WY 82601
Telephone:    307-235-3575
Telecopier:    307-577-9435

G. Bryan Ulmer, III, Esquire
Mel C. Orchard, III, Esquire
R. Daniel Fleck, Esquire
**THE SPENCE LAWFIRM**
PO Box 548
15 South Jackson Street
Jackson, WY 83001
Telephone:    307-733-7290
Telecopier:    307-733-5248

Christopher V. Tisi, Esquire
**HERMAN GEREL LLP**
2000 L Street, NW Suite 400
Washington, DC 20036
Telephone:     202-783-6400
Telecopier:    202-416-6392

Michelle A. Parfitt, Esquire
James F. Green, Esquire
**HERMAN GEREL LLP**
4900 Seminary Road, Ste. 650
Alexandria, VA 2311
Telephone:     703-931-5500
Telecopier:    703-820-0630

Maury A. Herman, Esquire
Leonard A. Davis, Esquire
**HERMAN GEREL LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone:     504-581-4892
Telecopier:    504-561-6024

Andrea S. Hirsch, Esquire
**HERMAN GEREL LLP**
230 Peachtree Street, Ste. 2260
Atlanta, GA 30303
Telephone:     404-880-9500
Telecopier:    404-880-9605

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Frederick S. Longer, certify that a copy of the foregoing was served via ECF on the 8th day of April, 2014.

/s/ Frederick S. Longer
Frederick S. Longer
Attorney for Plaintiffs