IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL BYRD and BRIAN BYRD, Individually, and on Behalf of all Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-101E |
| v. | ) ) | Judge Cathy Bissoon |
| AARON'S, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

For the reasons set forth in the Defendants' responses in opposition (Docs. 346 & 347), Plaintiffs' Motion for Entry of Judgment under Rule 54(b) (Doc. 341) is DENIED.

"A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is no just reason for delay." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1, 7–8, (1980)). When determining whether there is "just reason for delay," Courts should consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.*

The Court agrees with the Franchisee Defendants and Defendant Aaron's that these factors, when applied in the instant case, weigh against certification of immediate appeal.  *See* Doc. 346 at 6-12 (arguing that the issues that would be raised in the appeal closely relate to the remaining claims; that Plaintiffs' arguments for standing have effectively been mooted by the Court's subsequent rulings; and that there is a substantial risk that the Court of Appeals would be required to consider the issues of class and conspiracy a second time); Doc. 347 at 1-2 (arguing that Plaintiffs' motion should be denied because the claims against the Franchisee Defendants and Aaron's are intertwined, so any decision involving one party could affect the other).

Accordingly, for the reasons set forth in the Defendants' responses in opposition (Docs. 346 & 347), and consistent with the foregoing, it hereby is ORDERED that Plaintiffs' Motion for Entry of Judgment under Rule 54(b) (**Doc. 341**) is **DENIED**.


IT IS SO ORDERED.


April 17, 2014                                        s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge


cc (via ECF email notification):

All Counsel of Record