## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRYSTAL BYRD, et al,** | ) | |
| **Plaintiffs,** | ) | Civil Action No. 1:11-cv-00101 |
| | ) | |
| **v.** | ) | District Judge Bissoon |
| | ) | |
| **AARON'S, INC., et al.,** | ) | Magistrate Judge Baxter |
| **Defendants.** | ) | |

## MEMORANDUM OPINION[1]

Presently pending before this Court is a Motion to Strike Plaintiffs' New Expert Report filed

by Defendant Aaron's Inc. and joined by Defendant Aspenway. ECF No. 469. For the reasons

set forth below, the motion to strike will be granted.

### A. Relevant Procedural History

On May 3, 2011, Plaintiffs Crystal and Brian Byrd, initiated this action. Plaintiffs allege

that Defendants utilized spying software ("PCRA software") to illegally intercept, access,

monitor, and/or transmit electronic communications from their consumers' computers in

violation of 18 U.S.C § 2511, the Electronic Communications Privacy Act ("ECPA").

Since the filing of the Original Complaint, this case has undergone a lengthy procedural

process, only a portion of which is necessarily related herein. Currently, the operative complaint

is Plaintiffs' Corrected Third Amended Complaint. ECF No. 296. Defendants remaining in this

action are Aaron's Inc. and Aspen Way Enterprises, Inc.

---

[1] A motion to strike is a non-dispositive motion which may be resolved by the undersigned
pursuant to 28 U.S.C. § 636(b)(1)(A). See Novartis Pharmaceuticals Corp. v. Actavis, Inc., 2013
WL 7045056, at 1n.1 (D.Del. Dec.23, 2013); Hawkins v. Waynesburg Coll., 2007 WL 2119223,
at *1n.1 (W.D. Pa. Jul.20, 2007).

On July 1, 2013, Plaintiffs filed a motion for class certification in this action. ECF No. 174. Defendant Aaron's Inc. filed a brief in opposition, [ECF No. 219] as well as an expert report from Dr. Aviel Rubin ("Rubin Report"), on August 19, 2013. ECF No. 220-4. Thereafter, Plaintiffs filed a reply brief on September 23, 2013, along with their own expert report from Dr. Micah Sherr ("Original Sherr Report"), who reviewed the Rubin Report in preparation for his rebuttal report. ECF No. 293.

This Court issued a Report and Recommendation denying Plaintiffs' motion for class certification on January 31, 2014, [ECF No. 319] which the District Court adopted as its opinion on March 31, 2014. ECF No. 340. On appeal, the Third Circuit Courts of Appeals reversed and remanded for further consideration. ECF No. 364.

On October 14, 2016, Plaintiffs filed their Renewed Motion to Certify Class in this action. ECF 439. The September 2013 Sherr rebuttal report was included as an exhibit in support of the motion for class certification. ECF No. 440-2. Defendant Aaron's Inc. filed its Brief in Opposition on November 4, 2016, which continued to rely upon the Rubin Report. ECF No. 451. Thereafter, Plaintiffs submitted a reply brief in support of their Motion to Certify Class, which included a new expert report by Dr. Micah Sherr ("New Sherr Report"). ECF No. 463; 463-5.

Defendant Aaron's Inc. filed a Motion to Strike Plaintiffs' New Expert Report, arguing that the report is improper rebuttal testimony, it is untimely by more than three years, and Defendants will be prejudiced if it is allowed to stand.[2] ECF No. 469. Additionally, Defendant Aaron's Inc. requests the Court to award Aaron's Inc. its costs and attorneys' fees in connection with this motion. Id. Plaintiffs filed a response brief in opposition to Defendant's motion to strike on January 6, 2017. ECF No. 474. On January 24, 2017, Defendant Aaron's Inc. filed a reply

---

[2] Defendant Aspen Way Enterprises, Inc. joins in and adopts Aaron's Inc.'s Motion to Strike Plaintiffs' New Expert Report. ECF No. 478.

brief in further support of their motion to strike. ECF No. 489. This matter is fully briefed and is ripe for disposition by this Court.

## B. Discussion

### a. Improper Rebuttal Evidence

#### i. Factual Background

Defendant Aaron's Inc. argues the New Sherr Report goes beyond the permissible purpose of rebuttal evidence. Instead, Defendant Aaron's Inc. believes Plaintiffs are attempting to advance new theories and methodologies to account for deficiencies in their original rebuttal expert report as it pertains to their Rule 23(b)(3) "predominance" argument. ECF No. 470, pages 10-11.

In order to understand Defendant Aaron's Inc.'s arguments in their motion to strike more clearly, it is important to examine the procedural history of Plaintiffs' pursuit of class certification, particularly the Rule 23(b)(3) "predominance" arguments throughout this litigation.[3]

After Plaintiffs filed their Initial Motion for Class Certification on July 1, 2013, [ECF No. 174] Defendant Aaron's Inc. filed a brief in opposition on August 19, 2013. Defendant Aaron's Inc. argued that "Plaintiffs have wholly failed to identify a common method of proof to establish Defendants' liability under the ECPA." ECF No. 219, pages 26-27. Further, Defendant Aaron's Inc. asserted that Rule 23(b)(3) requires more than a simple contention that the evidence of

---

[3] In particular, Federal Rule of Civil Procedure 23(b)(3) states "A class action may be maintained if Rule 23(a) is satisfied and if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

record will establish that the PCRA software operated in the same manner to capture electronic communications from each of the class members. Id.

In support of their argument in opposition to the Plaintiffs' motion for class certification, Defendant Aaron's Inc. included an expert report from Dr. Aviel Rubin, who concluded that it would be unreasonable to find that each and every use of the PCRA software constituted an "interception" of an electronic communication. ECF No. 220-4, ¶ 46. Notably, the Rubin Report casts doubt on the feasibility of differentiating which interceptions were communications from non-communications. Id. at ¶¶ 46-50.

Thereafter, Plaintiffs filed a reply brief on September 23, 2013, along with their own Original Sherr Report. ECF No. 293. Importantly, Dr. Sherr reviewed the Rubin Report in preparation for his rebuttal report. As it pertains to Rule 23(b)(3), Plaintiffs argued they could present common evidence regarding the design, capabilities and operation of the PCRA software. ECF No. 293, pages 23-24. As such, Plaintiffs averred a uniform jury instruction could be used to allow the jury to broadly determine liability as to each element of the ECPA, including what matters are electronic communications, whether the PCRA software is capable of contemporaneous interceptions, and what interceptions fit within these findings. Id.

The Original Sherr Report supported Plaintiffs' Rule 23(b) assertion, stating:

> Not all screenshots and keypresses correspond to a communication and it is of course possible for a computer to never be connected to the Internet. However, the DesignerWare database provides a common means of determining which customers connected their computers to the Internet and when they did so. This follows from the behavior of Aaron's PCRA/Detective Mode System: entries for a computer only appear in the database if the PC Rental Agent software running on that computer was able to contact the DesignerWare database server via the Internet.

4

ECF No. 293-2, ¶ 65. However, the Original Sherr Report did not set forth any claims or

automated capabilities that would preclude the necessary individualized analysis while

determining liability under the ECPA.

Thereafter, this Court issued a Report and Recommendation denying Plaintiffs'

motion for class certification on ascertainability grounds, [ECF No. 319] which the

District Court adopted as its Opinion on March 31, 2014. ECF No. 340. Plaintiffs

appealed that ruling to the Court of Appeals for the Third Circuit and this case was stayed

during the pendency of that appeal. The Third Circuit reversed and remanded for further

consideration.[4] ECF No. 364.

Upon the remand on May 8, 2015, this Court lifted the stay, reopened the case and

scheduled a status conference to discuss briefing deadlines on the class certification. At

the status conference held on May 26, 2015, when questioned as to whether Plaintiffs

wished to file a new brief in support of class certification, Plaintiffs' counsel responded:

> "I would suggest that we have a reorganized brief. There was [sic] so
> many things that were occurring all at the same time at the time of our
> original briefing. We had all of the different franchisees involved. We had
> all of the different claims involved. And since your Honor and Judge
> Bissoon's ruling have intervened post the briefing, it's my sense that
> things could be cleaned up. It would make sense to reorganize the brief
> because of that."

ECF No. 372, page 4. The Court reopened discovery and the motion was class

certification was scheduled to be filed by July 10, 2015.

---

[4] On appeal, the Defendants urged the Third Circuit to read the District Court's decision as one
on the predominance issue, independently review the record, and conclude that Plaintiffs failed
to satisfy Rule23(b)(3)'s predominance requirement. ECF No. 365-1, page 44. Although the
Third Circuit acknowledged that proving predominance could present a "formidable" barrier, it
declined to address this issue in the first instance. Id.

Several major discovery disputes ensued, necessitating the postponement of the filing of the motion for class certification. On October 15, 2015, this Court directed that the motion for class certification be filed by February 26, 2016. ECF No. 386. More discovery disputes ensued and this case was administratively stayed until the deposition of a Rule 30(b) witness could be completed. Thereafter, the case was reopened and this Court set a deadline of October 14, 2016 for the filing of the motion for class certification. ECF No. 435.

On October 14, 2016, Plaintiffs filed a Renewed Motion for Class Certification. ECF No. 439. Plaintiffs' Rule 23(b)(3) argument is substantially similar to the one presented in their Initial Motion for Class Certification.[5] Significantly, Plaintiffs rely on the Original Sherr Report and reiterate that the core facts and legal issues pertaining to the Class's claims are common to all class members. ECF No. 440, pages 31-33. Further, Plaintiffs state:

> [w]hether or not the screenshots, keystrokes, photographs, screen prompts, and other data were contemporaneously captured by Detective Mode in violation of the ECPA will also be subject to common proof at trial and will predominate in this litigation. By way of further explanation, the evidence of record will establish that the PCRA software and the Detective Mode feature operated in the same manner to capture electronic information from each of the class members. Accordingly, whether or not this software captured information in violation of the ECPA will predominate over individual issues. Thus, the Class is sufficiently cohesive for purposes of Rule 23(b)(3)'s predominance requirement.

Id.

On November 4, 2016, Defendant Aaron's Inc. filed an opposition brief to Plaintiffs' Renewed Motion for Class Certification. ECF No. 451. Defendant Aaron's Inc., relying on the

---

[5] Compare Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification [ECF No. 175, pages 31-32] to Plaintiffs' Memorandum of Law in Support of Their Renewed Motion for Class Certification. ECF No. 440, pages 31-32.

Rubin Report, again argued that Plaintiffs have failed to offer any evidence or substantive analysis on how liability issues can be resolved without individualized inquiries. ECF No. 451, pages 24-25. Defendant Aaron's Inc. asserted Plaintiffs offer only conclusory statements that "core facts and legal issues" are "common" and will be a predominating legal issue. Id.

Thereafter, on December 2, 2016, Plaintiffs filed a Reply Brief in Support of their Renewed Motion for Class Certification, which included the New Sherr Report. ECF No. 463. In their reply brief, Plaintiffs claim that it is not their burden at this stage of the proceedings to prove more than a common proof for each and every class member. Id. at page 16. However, Plaintiffs felt it was necessary to include a new rebuttal report that would refute Defendants' arguments and prove a liability analysis can be completed through a common class-wide basis rather than an individualized analysis. Id. at page 19.

The parameters for the New Sherr Report include demonstrating whether it is possible and practical to automate the process of analyzing the screenshots and emails produced by the PCRA software. Further, if such a program is possible, Plaintiffs' expert could implement, test, and analyze the results. ECF No. 463-5, ¶¶ 5-6. The New Sherr Report concluded that Dr. Sherr was able to create a software system that could identify most instances of communications that the PCRA software captured contemporaneously with its transmissions with very few false positives. Id. at ¶12.

### ii. Analysis

This New Sherr Report precipitated the instant motion to strike based on Defendants' belief that the report goes beyond the permissible purpose of rebuttal evidence.

7

Rebuttal cannot be used to correct a party's oversights in its case-in-chief. See Crowley v. Chait, 322 F.Supp.2d 530, 551 (D.N.J. 2004). An expert's rebuttal report should be stricken if it contains new opinions or information which contradicts the expert's initial report, but need not be stricken if it contains merely "an elaboration of and [is] consistent with an opinion/issue previously addressed" in the expert's initial report. Pritchard v. Dow Agro Scis., 263 F.R.D. 277, 284–85 (W.D.Pa.2009).

While rebuttal and reply reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert ... expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal." Withrow v. Spears, 2013 WL 4510305, at *12 (D.Del. Aug.22, 2013)

However, the Third Circuit has noted that there is no "bright line rule" whereby every expert opinion "must be included in a preliminary report, or forever be precluded." Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir.2006). While the applicable case law prohibits an expert from using rebuttal as a "do-over" of an original report, courts have refrained from "automatically exclud[ing] anything an expert could have included in his or her original report." Crowley, 322 F.Supp.2d at 551. See also, Reichold, Inc. v. U.S. Metals Ref. Co., 2007 WL 1428559, at *13 (D.N.J. May 10, 2007) (reversing magistrate judge's ruling denying plaintiff's use of supplemental report, explaining that the report "address[ed] an important issue on which [expert] did not have the data to opine at the time of his original report.").

Here, the crux of the issue is Plaintiffs' previous Rule 23(b)(3) position based upon the Original Sherr Report as well as Plaintiffs' repeated opportunity to address Defendants' consistent Rule 23(b)(3) "predominance" argument.

First, prior to filing the Original Sherr Report, Plaintiffs were fully aware of both Defendants' Rule 23(b)(3) arguments as well as the Rubin Report's stance, which called into question the feasibility of differentiating which interceptions were communications from non-communications. ECF No. 220-4, ¶¶ 46-50. Plaintiffs acknowledge that the Original Sherr Report served as a rebuttal to the Rubin Report. ECF No. 474, page 2.

Next, after the Third Circuit's decision to reverse and remand the District Court's ruling to deny class certification, as well as an extensive eighteen-month period of discovery, Plaintiffs had the opportunity, at a minimum, to restructure or rephrase their Rule 23(b)(3) predominance argument. However, Plaintiffs' Renewed Motion for Class Certification made essentially the exact same Rule 23(b)(3) predominance argument as their Initial Motion for Class Certification.

Now, Plaintiffs believe they are entitled to another rebuttal report, even though Defendants continue to rely upon the unchanged Rubin Report and set forth the same predominance argument.

There is no claim in the Original Sherr Report that software exists that could identify violations of the ECPA in a common fashion and preclude individualized analysis. Plaintiffs attempt to point to paragraph 65 of the Original Sherr Report in support of their argument; however, this Court finds that unpersuasive. In that paragraph, the Original Sherr Report provides that "the DesignerWare database provides a common means of determining which customers connected their computers to the Internet and when they did so." ECF No. 293-2, ¶ 65. However, the ability to identify which computers connected to the Internet and when they did so

is an entirely separate issue from alleging the existence of software that can analyze and determine ECPA violations on a common basis that would predominate over an individualized analysis.

The New Sherr Report's parameters themselves are an indication that Plaintiffs are attempting to create a new theory or methodology for their Rule 23(b)(3) argument. Specifically, the Report itself indicates that Plaintiffs asked Dr. Sherr to demonstrate "whether it is possible and practical to automate the process of analyzing the screenshots and emails produced by Aaron's PCRA/Detective Mode System." ECF No. 463-5, ¶ 5. Further, Plaintiffs requested Dr. Sherr to create and implement such a program, if it were possible at all. Id. at ¶ 6. After reading the New Sherr Report's parameters, this Court finds Plaintiffs' argument unpersuasive that the New Sherr Report was merely elaborating and expanding upon opinions consistent with Plaintiffs' previous arguments.

Therefore, this Court finds Plaintiffs are attempting to establish a new theory and methodology in pursuit of its class certification. As such, the Motion to Strike Plaintiffs' New Expert Report will be granted. Pritchard, 263 F.R.D.at 284-285.


### b. Timeliness

Moreover, Defendants argue that this Court should grant the motion to strike, even if it is proper rebuttal evidence, because the new report is untimely.

Federal Rules of Civil Procedure Rule 26(D) states:

> **(D)** Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>> **(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

> **(ii)** if the evidence is intended solely to contradict or rebut
> evidence on the same subject matter identified by another
> party under Rule 26(a)(2)(B) or (C), within 30 days after
> the other party's disclosure.

Fed. R. Civ. P. 26.

Plaintiffs argue that Rule 26 disclosure rules do not apply to this action. Instead, in the absence of an explicit Rule 26 disclosure rule, it would appear Plaintiffs believe they should be granted unlimited time and attempts to file rebuttal experts reports. This argument is unpersuasive to the Court.

Here, Defendants filed their expert report in August 19, 2013. ECF No. 220. Thereafter, Plaintiffs filed their original expert report in September 23, 2013. ECF No. 293. Plaintiffs acknowledge that the Original Sherr Report acted specifically as a rebuttal report to Defendant's Rubin Report. ECF No. 474, page 2.

However, three years later, Plaintiffs are attempting to attach another rebuttal expert report in their reply brief in support of their renewed motion for class certification.[6] ECF No. 463. The Court finds no reason why Plaintiffs should be given three years to file a second rebuttal report, especially when Defendants have continued to rely on the Rubin Report and have maintained substantially similar arguments throughout that time. Therefore, the Motion to Strike will be granted on these alternative grounds.[7]

---

[6] After the District Court denied Plaintiffs' Initial Motion for Class Certification, Plaintiffs' filed a notice of appeal to the Third Circuit Court of Appeals on June 16, 2014. ECF No. 358. As such, on June 20, 2014, this Court filed an Order staying the case pending the resolution of the appeal. ECF No. 361. After receiving the Third Circuit's decision to reverse and remand, this Court reopened this action on May 5, 2015. ECF No. 368. Even after this Court factors in the case's year-long stay, approximately two years had elapsed from the filing of Defendant's expert report in August 2013 to Plaintiffs' new rebuttal report in December 2016.

[7] As Plaintiffs' New Expert Report is both improper and untimely, this Court need not analyze the potential prejudice Defendants would incur if the Court permitted Plaintiffs' New Sherr Report to stand.

11

### c. Sanctions

Defendant Aaron's Inc. seek costs and attorneys' fees incurred in bringing this motion to strike pursuant to Federal Rules of Civil Procedure 37(c)(1). Rule 37(c)(1) provides:

> (1) <u>Failure to Disclose or Supplement</u>. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). This Court recognizes the severity of striking a pleading from the record. As such, outside of granting Defendant's Motion to Strike Plaintiffs' New Expert Report, no additional costs will be attributed to Plaintiffs. Therefore, all costs and fees will remain with the appropriate parties.

For the reasons set forth above, Defendant's Motion to Strike Plaintiffs' New Expert Report [ECF No. 469] will be granted.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge