# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL BYRD and BRIAN BYRD, Individually, and on Behalf of all Similarly Situated Persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-101 |
| v. | ) ) | Judge Cathy Bissoon |
| AARON'S, INC., *et al.*, | ) ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. | ) ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Susan Paradise Baxter for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C, 72.D and 72.G of the Local Rules for Magistrates.

On January 27, 2014, the Magistrate Judge issued a Report (Doc. 318) recommending— among other things—that Plaintiff's invasion of privacy claims be dismissed because "[t]here is no tort cause of action for the invasion of privacy recognized by the State of Wyoming." (Report, p. 30.) On March 31, 2014, this Court issued an Order (Doc. 339) adopting the Magistrate Judge's recommendation as the opinion of the District Court, and granting Defendant's Motion to Dismiss (Doc. 163) as to Plaintiff's invasion of privacy claim. Proceedings thereafter continued without this claim.

On January 9, 2018, Plaintiffs filed a Motion for Reconsideration (Doc. 523) of this Court's Order (Doc. 339) dismissing their invasion of privacy claim.[1] Plaintiffs' Brief in

---

[1] On March 2, 2018, Plaintiffs also filed a Notice of Supplemental Authority in Support of their Motion for Reconsideration (Doc. 554). While this is ultimately irrelevant to the decision below, the Notice cites United States v. Werdene, 2018 WL 988893, at *7 n.7 (3d Cir. Feb. 21, 2018), in

Support of their Motion (Doc. 523-1) argues that reconsideration is justified based on a change in controlling law, as the Wyoming Supreme Court recently decided to recognize the tort of invasion of privacy under Wyoming law.[2] (Plaintiff's Brief, p. 2.) Defendant does not contest that there has been such a change in controlling law, but argues that the Court should decline to exercise its discretion to grant reconsideration on several grounds. (Defendant's Brief, p. 3, Doc. 532.)

For the reasons that follow, the Court finds the intervening change in controlling Wyoming law properly justifies reconsideration of this Court's previous Order and the Court will grant Plaintiff's Motion for Reconsideration.

**LEGAL STANDARD**

A district court's order dismissing a claim, but adjudicating fewer than all the claims in the case, is an interlocutory order rather than a final order. State Nat'l Ins. Co. v. County of Camden, 824 F.3d 399, 406 (3d Cir. 2016). A district court "has the inherent power to reconsider prior interlocutory orders." Id. In addition, Federal Rule of Civil Procedure 54(b) provides that such an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

While district courts hold this inherent power, they also have a strong interest in the finality of their judgments. E.g., Deeters v. Phelan Hallinan & Schmieg, LLP, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013). As a result, district courts apply "a presumption against reconsideration of interlocutory decisions," In re Anthanassious, 418 Fed. App'x 91, 96 (3d Cir. 2011), and generally exercise this power "only upon the grounds traditionally available

---

which the Court of Appeals for the Third Circuit recognized a fundamental constitutional right to a reasonable expectation of privacy in one's home computer.

[2] Howard v. Aspen Way Enters., Inc., 406 P.3d 1271, 1273 (Wyo. Dec. 19, 2017).

under Fed. R. Civ. P. 59(e)." Deeters, 2013 WL 6524625, at *2 (internal citation omitted). One of these three traditional grounds is "an intervening change in the controlling law." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

## ANALYSIS

Defendant raises three arguments as to why the Court should decline to exercise its discretion to grant Plaintiff's Motion for Reconsideration: (1) Plaintiff's Motion is the product of forum shopping, (Defendant's Brief, p. 4); (2) granting Plaintiff's Motion would undermine the finality of judgments and prejudice Defendant, (Id. at p. 6); and (3) the statute of limitations for the invasion of privacy claim has expired, (Id. at p. 7). The Court will address each argument in turn.

In essence, Defendant's charge of forum shopping alleges that Plaintiffs made a strategic litigation decision, following this Court's dismissal of their invasion of privacy claim, by opting to pursue class certification in this Court *rather than* pursuing a parallel litigation in Wyoming to establish their state tort claim. Defendant argues that the latter course of action would have been "perfectly legitimate," but Plaintiffs' current course of action is not, and it amounts to "a clear example of gamesmanship." (Id. at pp. 4-5.) The Court cannot see how Plaintiffs' failure to bring a parallel litigation in Wyoming supports an inference that Plaintiffs or their counsel are now attempting to unfairly manipulate the judicial process. If anything, attempting to relitigate the decision of this Court in the Wyoming state courts would have been the more suspect course of action. Furthermore, Defendant cites no authority suggesting that putative class members pursuing a separate litigation in a separate forum should be considered the strategic "surrogates"

of the other members of a putative class.³ (Id. at p. 5.) The Court is not persuaded that there has been any unfair gamesmanship by the Plaintiffs in this action.

As to Defendant's arguments concerning the finality of judgments, the preservation of judicial resources, and prejudice to Defendant (in the form of additional resources expended), the Court agrees with Defendant that Plaintiffs' Motion comes at an unfortunate time for the progress of this litigation. (See id. at p. 6.) However, there is no avoiding the fact that the controlling law has shifted and that this change provides a sufficient justification for revisiting an interlocutory order. See Deeters, 2013 WL 6524625, at *2. For that reason, the change of law, rather than Plaintiffs' actions, should be considered the legally relevant source of any delay in the proceedings. The Court thus declines Defendant's invitation to deny Plaintiff's motion on these grounds.

Finally, Defendant argues that Plaintiffs' invasion of privacy claim is time-barred. Defendant argues that Plaintiff's invasion of privacy claim accrued no later than December 22, 2010, and notes that Plaintiff commenced this action, including its invasion of privacy claim, on May 3, 2011. (Defendant's Brief, p. 7.) The parties agree that the relevant statute of limitations is four years. (Id.; Plaintiff's Reply Brief, p. 5, Doc. 539.) However, Defendant argues that the time has expired by virtue of the fact that this Court's dismissal of the claim on March 31, 2014,

---

³ The relevant portion of Defendant's Brief cites the following cases, none of which are material to the argument that forum shopping, let alone forum shopping via supposed surrogates, provides a basis to decline a motion to reconsider an interlocutory order: Agostini v. Felton, 521 U.S. 203, 239 (1997) ("[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief [from a final judgment] under Rule 60(b)(6)"); Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 120-21 (3d Cir. 2008) (providing an example of the typical scenario in which an intervening change in law provides sufficient grounds to reconsider a prior order); Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001) (for post-judgment relief under Rule 60(b)(6), something more than a mere intervening change in law is required).

restarted the clock on the limitations period and that meanwhile, no law operated to toll the clock after that point until more than four years had elapsed from the date the cause of action accrued. Defendant's argument is absurd, for many reasons. Suffice it to say, if Defendant's rule were to govern, Plaintiffs' maintenance of their claim would have required filing an action in Wyoming following this Court's interlocutory dismissal—thus forcing Plaintiffs to challenge this Court's decision in Wyoming state courts. Meanwhile, Plaintiffs would have no opportunity to appeal this Court's dismissal of their claim, violating the "merger rule." See Camesi v. UPMC, 729 F.3d 239, 244-45 (3d Cir. 2013) ("prior interlocutory orders . . . merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order" (internal citation omitted)). The illogical contortions required to entertain such an argument do not merit further exposition. As Plaintiffs argue, Defendant has not cited any authority showing that an interlocutory court order dismissing a claim restarts the clock on a limitations period.[4] (Plaintiff's Reply, p. 5.)

The Court finds that this action was timely initiated within the limitations period and that nothing has operated to restart the clock on the time limit.

* * *

As Wyoming now recognizes the tort of invasion of privacy, Plaintiff's Motion for Reconsideration (Doc. 523) is GRANTED. Accordingly, the Court's March 31, 2014 Memorandum Order (Doc. 339) is VACATED to the extent that it dismissed Plaintiffs' invasion of privacy claim under Wyoming law. Plaintiff's invasion of privacy claim is REINSTATED.

---

[4] Defendant cites Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991), which deals with a dissimilar circumstance: a plaintiff voluntarily dismissed an action without prejudice, thus leaving "the parties as though the action had never been brought."

The litigants here should understand that the undersigned does not reach this conclusion lightly, and does so with the very conscious acknowledgment that this case has been pending before this Court in some fashion or another for almost seven years. While that may be great for the lawyers involved here, the Court cannot possibly imagine that the churning of this case has been consistent with the purpose of Federal Rule of Civil Procedure 1, or has been, to date, of any particular benefit to the parties on either side. In light of that, to provide the parties with an opportunity to assess how this Order will influence their courses of action in this litigation, this matter hereby is STAYED and ADMINISTRATIVELY CLOSED for a period of thirty (30) days, until April 6, 2018. During this period, the parties and their counsel **shall personally meet and confer** about the following: (1) what the next steps should be in this already seven-year-old case; (2) the ramifications of today's decision on the issue of class certification; and (3) whether additional mediation efforts would be beneficial in this case. On or before **April 6, 2018**, the parties shall file a joint status report indicating their respective positions on these issues and a proposed schedule for any proposed next steps. It is expected that the parties and their counsel will make every effort to reach consensus on these issues.

IT IS SO ORDERED.

March 7, 2018                                       s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge


cc (via ECF email notification):

All Counsel of Record