IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRYSTAL BYRD and BRIAN BYRD,
Individually, and on Behalf of all Similarly
Situated Persons,

        Plaintiffs,

-vs-                      Civil No. 1:11-CV-101-SPB

AARON'S, INC., et al.

        Defendants.

## JOINT STATUS REPORT OF THE PARTIES

### I. Introduction

On March 7, 2018, the Honorable Cathy Bissoon issued an Opinion and Order reinstating Plaintiffs' invasion of privacy claim and ordering the parties and their counsel to personally meet and confer concerning:

1. What the next steps should be in the case;

2. The ramifications of the Honorable Court's reinstatement of the invasion of privacy claim on the issue of class certification; and

3. Whether additional mediation efforts would be beneficial.

As ordered by the Court, the parties met in Pittsburgh on March 15, 2018. Maury Herman, Esquire and Fred Longer, Esquire attended on behalf of Plaintiffs. Kristine Brown, Esquire and Donald Houser, Esquire attended on behalf of Defendant Aaron's, Inc. Anthony Williott, Esquire attended on behalf of Defendant Aspen Way Enterprises, Inc. Counsel discussed the specified issues in an orderly, cooperative, and professional fashion for nearly two hours and developed a proposed plan, as set forth below.

The Honorable Court's March 7 Order also required the parties to submit a joint status report on or before April 6, 2018. Accordingly, the parties jointly submit the within status report.

## II. Mediation

The parties unanimously agree that mediation is appropriate.

The parties mediated with Judge James R. Melinson in Philadelphia approximately three years ago. The parties will again mediate with Judge Melinson on May 2, 2018 in Judge Melinson's office suite in Philadelphia.

## III. Ramifications of the reinstatement of the invasion of privacy claim on the issue of class certification

No consensus was reached on this issue. It is Defendants' position that the reinstatement of the invasion of privacy claim has no impact on the Court's denial of class certification on Plaintiffs' ECPA claim, which is the subject of Plaintiff's Rule 23(f) petition currently pending before the Third Circuit. Defendants believe there is no reason to re-brief class certification on the ECPA claim. Defendants also believe any attempt at class certification on the invasion of privacy claim would be futile for many of the same reasons the Court denied class certification on the ECPA claim. Defendants note that Judge Thrash has already denied class certification to the same class of claimants asserting the same invasion of privacy claim in the *Peterson v. Aaron's, Inc.* action in the District Court for the Northern District of Georgia, No. 1:14-cv-01919.

To the contrary, Plaintiffs believe they should have the opportunity to request class certification anew in this matter notwithstanding this Court's denial of class certification on the ECPA claim and Judge Thrash's denial of class certification in the *Peterson* action.

Although the parties disagree on whether or not Plaintiffs should have the opportunity to seek class certification based on the reinstated invasion of privacy claim, all parties agree that the decision should be deferred until the Third Circuit Court of Appeals has disposed of Plaintiffs' pending Rule 23 Petition for Permission to Appeal this Court's denial of class certification based on Plaintiffs' ECPA claim, as that ruling by the Third Circuit may have a significant impact on class certification. Plaintiffs' petition was filed on October 10, 2017.

## IV. Future direction of litigation

The parties are committed to working together in good faith to resolve this matter at mediation within the next couple months. However, should the parties be unsuccessful in reaching a resolution, the parties believe a status conference with the District Court and counsel, in person, with the goal of establishing a case management schedule, would be appropriate.

## V. Conclusion

The parties appreciate the Court's effort to move this litigation forward to resolution or disposition. The parties are available should the Court require any additional information.

Respectfully submitted,

*s/ Maury Herman*
Maury Herman, Esquire
Counsel for Plaintiff

*s/ Anthony J. Williott*
Anthony J. Williott, Esquire
Counsel for Aspen Way Enterprises, Inc.

*s/ Fred Longer*
Fred Longer, Esquire
Counsel for Plaintiff

*s/ Kristine M. Brown*
Kristine M. Brown, Esquire
Counsel for Aaron's, Inc.

LEGAL/115449430.v1