IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRYSTAL BYRD and BRIAN BYRD,
Individually, and on Behalf of all Similarly
Situated Persons,

        Plaintiffs,

-vs-                        Civil No. 1:11-CV-101-SPB

AARON'S, INC., et al.

        Defendants.

## ASPEN WAY'S MOTION TO COMPEL PRODUCTION OF RELEASE/SETTLEMENT AGREEMENT

1. Defendant Aspen Way recently learned that Plaintiffs have reached a settlement with Defendant Aaron's, Inc.

2. On September 12, 2019, Aspen Way requested from Plaintiffs and Aaron's, Inc. a copy of any release, settlement agreement, or other documentation reflecting any settlement or other agreement between Plaintiffs and Aaron's, Inc. no later than September 18, as such documentation may affect Aspen Way's legal rights in the within litigation.

3. In a September 16 filing (Doc. 617), Aaron's stated "counsel for Aspen Way has made a demand to counsel for the Plaintiffs and Aaron's to send a copy of the confidential settlement agreement. Counsel for the Plaintiffs and Aaron's will not do so for all reasons briefed herein. Simply put, the settlement does not affect Aspen Way's legal rights or its defenses."

4. Accordingly, Plaintiffs and Defendant Aaron's have refused to produce the release or settlement agreement.

5. Under Fed R. Civ. P. 26(b)(1),

> [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's relative access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.*

6. Plaintiffs have brought parallel claims against Aaron's, Inc., and Aspen Way in this matter. Specifically, Plaintiffs claim both Defendants violated the ECPA and invaded Plaintiffs' privacy through the use of the PC Rental Agent and Detective Mode software. The damages sought against the Defendants are overlapping and cumulative.

7. Any amount received in settlement by the Plaintiffs will compensate them at least in part for their claimed damages against both Defendants. Additionally, there may be language or terms of the settlement agreement between Plaintiffs and Aaron's that impact Aspen Way's legal rights or liability in the case, notwithstanding Aaron's bald contention that "the settlement does not affect Aspen Way's legal rights or its defenses." That position cannot be validated without counsel and the Court having access to the language of the release or settlement agreement.

8. Aspen Way was unable to find any Third Circuit cases ruling on the discoverability of releases or settlement agreements. However, in *Bennett v. LaPere*, 112 F.R.D. 136, 141 (D. R.I. 1986), the court compelled the plaintiff to produce settlement documents to a non-settling defendant for multiple reasons, including that

> the damages which the plaintiffs can collect from the [non-settling defendant] if they successfully prosecute what remains of the case will depend to some extent on the terms, amount, and value of the [settling defendants'] settlement. Second, there may be room to argue that the termination of the case against the [settling defendants] has been so crafted as to insulate the [non-settling defendant] from liability…. **There is no way to tell without inspecting the paperwork**. [emphasis added]

9. In *National Union Fire Ins. Co. v. Porter Hayden Co.*, 2012 U.S. Dist. LEXIS 23716 (D. Md. 2012), the United States District Court for the District of Maryland discussed with approval *Porter Hayden Co. v. Bullinger*, 713 A.2d 962, 970 (Md. Ct. of App. 1998), a Maryland Court of Appeals decision which held that settlement agreements are not automatically protected from discovery even though they are "deemed confidential by the parties that negotiated them."

10. *Polston v. Eli Lilly & Co.*, 2010 U.S. Dist. LEXIS 74720 (D. S.C. 2010) held that there is no recognized settlement privilege regarding confidential settlement documents nor does anything except settlement agreements from discovery under Rule 26(b)(1). Therefore, the only question is whether or not the agreement is relevant and not unduly burdensome to produce. *Id*.

11. In *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D. Ill. 2001), the court analogized the discovery of settlement agreements to the disclosure of insurance coverage under Rule 26(a)(1)(D) which provides for mandatory disclosure of insurance that may satisfy all or part of a judgment. The Illinois District Court recognized that knowledge of amounts paid in settlement is similar to disclosure of insurance coverage information that "will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." The Court also recognized that the discovery of any settlement agreement would allow the non-settling defendant to "enter into settlement negotiations and formulate a litigation strategy without speculating as to whether its potential liability has been partially satisfied." 203 F.R.D. at 367 citing *Bennett v. LaPere*, *supra*.

12. Aspen Way is entitled to discovery of the release or settlement agreement between Plaintiffs and Defendant Aaron's because it may affect Aspen Way's liability (i.e., it may fully or partly release Aspen Way); it may reflect partial satisfaction of Plaintiffs' jointly claimed

damages against both Defendants; and it may reveal legal admissions by either or both settling parties.  Accordingly, Aspen Way brings the within motion seeking a Court Order compelling production of the release or settlement agreement.

WHEREFORE, Defendant Aspen Way Enterprises, Inc., respectfully requests this Honorable Court grant the within Motion to Compel Production of Release or Settlement Agreement.

Respectfully submitted,

*s/ Anthony J. Williott*
Anthony J. Williott, Esquire
PA ID #43684
Attorney for Defendant, Aspen Way Enterprises, Inc.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Suite 700, 501 Grant Street
Pittsburgh, PA  15219
ajwilliott@mdwcg.com
(412) 803.1140

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court's electronic filing system, this the _____ day of September 2019.

*s/ Anthony J. Williott*
Anthony J. Williott, Esquire