IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL BYRD, et al,** | ) |
| | ) |
| Plaintiffs | ) C.A.No. 11-101Erie |
| | ) |
| vs. | ) District Judge Baxter |
| | ) |
| **AARON'S INC., et al,** | ) Re: Motion to Compel |
| | ) ECF No. 618 |
| Defendants. | ) |

**MEMORANDUM ORDER**

Before the Court is AspenWay's Motion to Compel Production/Release of the Confidential Settlement Agreement between the Plaintiffs and settling co-Defendant Aaron's Inc. ECF No. 618.

"The mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield the agreement from discovery." *In re Flat Glass Antitrust Litig.*, 2013 WL 1703864, at * 1 (W.D. Pa. 2013) *quoting Sippel Dev. Co. v. W. Sur. Co*., 2007 WL 1115207 (W.D. Pa. 2007). Other district courts have addressed the question of whether a non-settling party may obtain "access to a settlement agreement that is confidential by agreement of the signatories" (*id*.) and these courts have required a showing of relevance or need. "Because public policy favors the settlement of disputes, courts have imposed on the party seeking discovery of a confidential settlement agreement the burden 'to make a particularized showing that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence." Id. quoting Key Pharmaceuticals, Inc. v. ESI-Lederle, Inc*., 1997 WL 560131, at *8 (E.D. Pa. 1997).

1

AspenWay argues that the settlement agreement should be produced because: "(1) it may affect AspenWay's liability (partially or fully releasing AspenWay); (2) it may reflect partial satisfaction of Plaintiffs' jointly claimed damages against both Defendants; and (3) it may reveal legal admissions by either or both settling parties." ECF No. 618.

First, AspenWay provides no facts and nothing beyond speculation as to how the settlement agreement will relieve it from liability in this matter. Second, any issue regarding damages is premature. Any issue arising out of a set-off of damages is best addressed after a verdict has been entered against AspenWay and in favor of the Byrds. *See Burlington v. News Corp.*, 2015 WL 2070063, at * 4 (E.D. Pa. 2015). Accordingly, this cannot serve as the basis of a request for the release of the confidential settlement agreement at this time.

AND NOW, this 22nd day of October, 2019;

IT IS HEREBY ORDERED that Defendant AspenWay's Motion to Compel Production/Release of Settlement Agreement [ECF No. 618] is DENIED without prejudice.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge
